65   87
73   288

## TRIMBLE *v.* TRIMBLE.

### Opinion delivered February 26, 1898.

1. DIVORCE—DESERTION.—If a wife could desert her husband, within the meaning of the statute (Sand. & H. Dig., § 2505), while remaining an inmate of his home, there certainly is a strong presumption in such case that they are living together as husband and wife, which presumption it would require very clear and convincing evidence to overcome. (Page 88.)

2. DESERTION—WHEN SUIT PREMATURE.—When a divorce suit is brought upon the ground of a wilful desertion, and the evidence shows that the suit was commenced within a year after the desertion, the suit will be dismissed without prejudice. (Page 89.)

Appeal from Baxter Circuit Court in Chancery.

JAMES S. THOMAS, Judge, on exchange of circuits.

*Felix M. Haney, Sam. W. Williams* and *De E. Bradshaw,* for appellant.

Since the statute making abandonment a ground for divorce is in derogation of the common law, a complaint filed under it must strictly comply with all its requirements as to allegations. 2 Bish. Mar. & Div. § 598; Stewart, Mar. & Div. 258; 2 Bish. Mar. Div. & Sep. 1460, 1466; 10 Tex. 355; 19 Mo. 354; 1 Nelson, Divorce, 112; 20 Wis. 266; 1 Nelson, Div. 112; 4 Ia. 324; Bish. Mar. & Div. 1500. So long as the parties live together ostensibly as man and wife, they cohabit, and there is no desertion. 97 Mass. 327; Stewart, M. & D. 252, and cases; 1 Bish. M. & D. 1669–70, 1697; Stewart, M. & D. 254, sub-div. 3. There is no proof of desertion for one year; hence no divorce is grantable. Sand. & H. Dig., 2505; 1 Duv. (Ky.) 196; 19 Mo. 354; Stewart, M. & D. § 259; 20 Wis. 266; 2 Nelson, Divorce, § 734; 4 Ia. 324; 22 Kas. 699; 14 R. (Ky.) 628; 53 Ill. 394. Appellee's conduct was such that appellant was justified in leaving him. 37 Pa. St. 443; Stewart, M. & D. 257; 35 Mich. 461; 50 Mich. 90. Appellant should be granted a divorce on her cross-complaint. 44 Ark. 429; 38 Ark, 118; 33 Ark. 156.

*M. N. Dyer & Son* and *W. S. & Farrar L. McCain,* for appellee.

The averment of abandonment substantially conforms to the statute, and is sufficient. Bish. M. & D. § 1665; 31 Ia. 421. Such an objection could only have been made on motion to make the complaint more certain, made in the court below. 53 Ark. 49; 52 Ark. 378; 31 Ark. 379; 58 Ark. 7. The testimony fails to show any cause for desertion by appellant. When a wife, without any cause, physical or otherwise, leaves the bed of her husband, she has deserted him. 20 S. W. (Ky.) 605; 5 Colo. 55; 89 Ia. 471; 1 Nelson, Divorce, 114–7; 1 Bish. M. & D. § 16–76, *et seq.* If equity has acquired jurisdiction on other grounds, judgment may be rendered on a claim falling due during the pendency of the suit. 37 Ark. 605; 65 Vt. 623; 59 Ark. 441; 2 B. Mon. 148. Hence, it is sufficient if the year of desertion had elapsed at the time of rendition of the decree.

RIDDICK, J. This is a suit for divorce, brought by John N. Trimble against his wife, Elizabeth Trimble. It was commenced on the 6th day of August, 1895, and the ground upon which the divorce is sought is wilful abandonment for over one year. The parties were married in 1891. They were both past middle age, and each of them had been previously married. In July, 1894, there was a disagreement between them over the fact that the appellee, Trimble, refused to allow Lee Waggoner, a son of Mrs. Trimble by her former husband, to reside longer at appellee's home. This conduct on the part of Trimble caused strained relations between himself and wife. He testified that, from that time until she left, she refused to live with him as his wife, and refused to eat at the table with him. But she did not abandon his dwelling until in September afterwards. Now, if we should concede, as contended by counsel for appellant, that a wife could in law abandon her husband while at the same time remaining an inmate of his home, still the evidence here does not make out a case of that kind. Certainly, when a husband and wife dwell in a mutual home, there is a strong presumption that they are living together as husband and wife, and it should require very clear and convincing

evidence to overcome such presumption and show an abandonment under such circumstances. But Mrs. Trimble says she did not abandon appellee until the 10th day of September, 1895, and the testimony of appellee's own witness tends to support this statement. These witnesses say that Mrs. Trimble told them of the disagreement between herself and her husband, and asked them to effect a reconciliation, but stated that she did not see how she could live apart from her son, who was then about fifteen years old. Another witness introduced by Trimble testified that Mrs. Trimble stated to him that "she intended to give Mr. Trimble ample time to study about making Lee leave, and that if he did not let him come back she was going to leave herself." But this evidence does not show that Mrs. Trimble had abandoned her husband. It only shows that she was contemplating such a step. It tends to show that she had made up her mind to leave unless her son was allowed to return, but that she remained for awhile with the hope that her husband would relent and permit him to return. Finding at length that he would not recede from his position, she finally, on the 10th day of September, 1894, abandoned him and his home, and this action was commenced within less than a year afterwards. The general rule is that the cause of action must be complete before suit is commenced. (2 Nelson, Divorce, § 734.)

Without expressing an opinion upon the merits of the controversy, we hold that this action was prematurely brought. The decree of the circuit court granting a divorce is therefore reversed, and the suit dismissed, but without prejudice to a further action. The court did not err in refusing the application of the wife for a divorce, for her charges of misconduct against her husband were not sufficiently established by the evidence, but we direct that the dismissal as to her be also without prejudice.