PATRICK *v.* WHITELY.

Opinion delivered May 27, 1905.

PLEADING—AMENDMENT—NEW CAUSE OF ACTION.—No amendment of the complaint which introduces into the case a new cause of action will be allowed after the trial has begun.

Appeal from Perry Circuit Court.

EDWARD W. WINFIELD, Judge.

Reversed.

*Sellers & Sellers,* for appellant.

The amendment to the complaint should not have been allowed. 51 Am. St. Rep. 414; 70 N. Y. 190; 96 N. Y. 284; 132 N. Y. 22; 108 N. Y. 152; 1 Enc. Pl. & Pr. 583; 84 N. Y. 420; 59 Ark. 165; 88 N. C. 95; 63 N. H. 420; 96 N. C. 416; 26 Or. 449; 51 Atl. 1025; 82 Ga. 623; 59 Me. 398; 65 Wis. 554; 60 N. W. 253; 79 Mo. 88. The joinder was improper. Sand. & H. Dig. § 5703; 38 Ark. 594; 198 Ill. 462; 52 Atl. 241; 35 S. E. 899; 1 Estee, Pl. § 314. The claim was not affected by the amendment. 32 Ark. 134; 33 Ark. 543 The instructions were given upon a wrong theory of the case. 49 Am. St. 488; 51 *Ib.* 555; 53 *Ib.* 251; 10 L. R. A. 726; 23 S. W. 1117; 1 Estee, Pl. § 205. A judgment cannot be sustained upon appeal when the case proved is not the case made by the proof. 45 Cal. 514; 56 *Ib.* 262; 35 Mich. 274; 36 Miss. 458; 41 Miss. 256.

BATTLE, J. This action was commenced on the 27th of May, 1902, by J. H. Whitely against W. H. Patrick, J. F. Cooper and Arthur Sewell by filing the following complaint and suing out summons thereon:

## "PERRY CIRCUIT COURT.

"J. H. WHITELY, plaintiff,

  *v.*

"W. H. PATRICK, J. F. COOPER and ARTHUR SEWELL, defendants.

"The plaintiff states that the defendants at the time of filing this complaint were partners. That they are indebted to him in the sum of $636.96 for work and labor performed and timber furnished them during the year 1902. A bill of particulars is herewith filed, marked 'Exhibit A' to this complaint. That the

said debt is now due and unpaid. Wherefore he prays judgment for $636.96 and for other relief.

"ALBERT W. RISON,

"Attorney for plaintiff."

Patrick specifically denied each and every allegation in the complaint.

The evidence adduced in the trial in this action tended to prove that Cooper & Baker owned and operated a sawmill, and that Baker sold his interest in the sawmill to Arthur Sewell, and that J. H. Whitely furnished them with logs to be sawed. Patrick purchased the lumber sawed, and upon the orders of the owners of the mill paid out of the purchase money the wages of the mill hands and Whitely for the logs. The caption of the bill of particulars filed with the complaint is as follows: "Cooper & Baker in account with J. H. Whitely, for labor and logs supplied at their mill. W. H. Patrick, paymaster." After the commencement of this action Patrick purchased the mill, and agreed with the vendors to pay their indebtedness.

After all the evidence had been adduced, plaintiff, over the objection of the defendants, was allowed to amend his complaint as follows:

"The plaintiff, J. H. Whitely, states that the defendants, W. H. Patrick, Frank Cooper and Arthur Sewell, are jointly and severally indebted to him in the sum of $636.96 for work, labor and timber furnished to defendants at their request, an itemized account of which is filed with the complaint herein. That the sum is due and unpaid. Whereupon he demands judgment against defendants for said sum of $636.96.

"G. W. BRUCE,

"A. W. RISON,

"Attorneys for plaintiff."

Among other instructions, the court gave, over the objections of the defendants, the following:

"The jury are instructed that if they find from the evidence that the defendants, or any of them, owe the plaintiff anything, they will find for him in such sum, and indicate by their verdict

against which defendants they find the amount, if any, and indicate them by name."

The jury returned a verdict in favor of the plaintiff against all the defendants; judgment was rendered accordingly, and Patrick appealed.

Section 6145, Kirby's Digest, provides: "The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings, * * * when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." Under statutes like this it has been uniformly held that no amendment can be allowed after the commencement of a trial which introduces into the case a new cause of action. It has been so held by this court. As said by the New York Court of Appeals: "Pleading and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." *Railway Company* v. *State,* 59 Ark. 165; *Southwick* v. *First Nat. Bk. of Memphis,* 84 N. Y. 420, and 1 Enc. Pleading & Practice, 547, 557, and cases cited; *Flanders* v. *Cobb,* 51 Am. St. Rep. (notes), 414.

We can see no object in amending the complaint in this case, unless it was to hold Patrick liable to Whitely for the acount sued on by his agreement to pay the liabilities of those from whom he purchased the mill. Without that there is no evidence on which to base the verdict against him.

The contract sued on and the one made by Patrick in the purchase of the mill are materially different. The first was made by Cooper and Sewell with Whitely; the other was made by Patrick with Cooper & Sewell. They were made at different times. The consideration of one was labor performed and logs furnished Cooper & Sewell by Whitely, and the consideration of the other was the sawmill. All these differences go to make separate and distinct contracts and causes of action.

The court erred to the prejudice of appellant by allowing the amendment.

Reverse and remand for a new trial.

HILL, C. J., and McCULLOCH, J., dissent.

HILL, C. J., (dissenting.) Whitely furnished "labor and logs" for a sawmill firm; the firm was first Cooper & Baker, then Cooper & Sewell. Patrick was connected with the business in some way not known to Whitely. Whitely sued Cooper, Sewell and Patrick as partners for his "labor and logs." The evidence developed that Patrick was not a partner, but in developing that it was shown that he had bought the mill of the partnership, and as part of the consideration agreed to pay all the debts of the partnership.

Then the court permitted Whitely to amend and recover jointly and severally against the three of them. In order to defeat the cause of action brought against him, Patrick showed another cause of action against himself founded on his assumption of the partnership debts.

The amendment was, in my opinion, in furtherance of justice in conforming the pleadings to the facts proved by the defendants themselves.