PRICE *v.* PRICE.

4-8908                               220 S. W. 2d 1021

Opinion delivered June 6, 1949.

*Buzbee, Harrison & Wright,* for appellant.

*Frankel & Frankel,* for appellee.

ED. F. McFADDIN, Justice. The wife has appealed from a divorce decree granted her husband.

On March 26, 1948, Stanley Price filed suit for divorce against Vernie Price on the ground of indignities.[1] Even though Mrs. Price lived in Portland, Oregon, she came to Arkansas to personally testify at the trial on September 15, 1948. The decree rendered for the plaintiff does not specify the ground on which the divorce was granted; but appellee (plaintiff) maintains the decree was correct, either because of (a) indignities[1] or (b) three years separation.[2] We test the correctness of the decree on both grounds.

I. *Indignities.* The parties were married in 1934 and continued to live together as husband and wife until August 15, 1945. Mr. Price was an officer in the Armed Forces in World War II; and while overseas he wrote his wife most endearing love letters. After he returned to the United States and visited his wife, and while awaiting military discharge, he wrote her a letter, dated August 15, 1945, reading in part:

"I had a grand time on my short visit with you and Tony. Now a little word of advice. You should not love anyone as much as I know you love me. It is too tough when you get hurt. You have been the finest wife in the world, but I know as well as anything in the world that you are destined to be hurt again. You should really despise me, then you would be much better off."

---

[1] Section 34-1202 Ark. Stats. of 1947 lists the grounds for divorce and "indignities" is listed as a part of the fifth ground.

[2] Three years separation is the seventh ground for divorce as listed in § 34-1202 Ark. Stats. of 1947.

The next day (August 16, 1945) he wrote her another letter, which reads in part:

"First, I want to say that I am a coward and very unfair to handle this by mail. It is a rotten way to do it and not at all fair to you, but it seems it is the only way I have guts enough to do it.

"There is no use beating around the bush any longer. I am not coming back to live with you after the war. I want to assure you that it is nothing you have done or said to cause me to make this move. You have always treated me fair and done everything in your power to make me happy. I won't lay it on the war either, even though it has done strange things to a lot of people.

"I presume and hope you will hate me for this. It will be much easier for all, that way."

In testifying, Mr. Price claimed that Mrs. Price had been guilty of indignities towards him, in that she had been a poor housekeeper, had appeared in public with disheveled hair and wearing a soiled dress, and had refused to go with him to Humboldt, Tennessee, to live. This testimony by him is uncorroborated in the main, and is entirely belied by his own letters to her—parts of two having been previously copied—which show that on August 16, 1945, he advised her that he had separated from her for reasons best known to himself. He did not then consider her as being at fault in any way. Without lengthening this opinion by detailing and commenting on all of the testimony, we conclude that the evidence offered on behalf of Mr. Price is entirely insufficient to support a decree on the ground of indignities.

II. *Three Years Separation.* This is the seventh ground for divorce as listed in § 34-1202 Ark. Stats. of 1947. The evidence shows that Mr. Price separated himself from Mrs. Price on August 16, 1945. At the time of the trial in the Chancery Court on September 15, 1948, Mr. Price probably had a matured cause of action based on this ground; but he did not have such a cause of action when he filed his complaint on March

26, 1948, and no pleading was ever filed alleging three years separation. In the course of the trial there were several references to a desire by the plaintiff that the court treat the complaint as amended to allege three years separation; but such references are insufficient in this case to support a divorce decree based on three years separation. We reach this conclusion for either of the two reasons now to be discussed.

(A) We have held that before a trial starts, the plaintiff may file an amendment alleging a cause of action which matured after the filing of the original complaint;[3] but no such amendment was filed prior to the commencement of the trial in this case. We have also held that if a new cause of action be alleged in the course of the trial, then the defendant may waive the right to object to such new cause of action.[4] There was no such waiver here. We have in this case a situation in which the plaintiff, after the commencement of the trial and over the objections of the defendant, sought to allege a new and different cause of action for divorce—i. e., the three years separation.

Even under our liberal rules for amendment of pleadings, we have held that, over the objection of the defendant, a new cause of action should not be permitted in the course of the trial.[5] In Patrick v. Whitley, Mr. Justice BATTLE, after referring to section 6145, Kirby's Digest,[6] said: "Under statutes like this it has been uniformly held that no amendment can be allowed after the commencement of a trial which introduces into the case a new cause of action."
We therefore hold that after the trial commenced, the court should not have permitted the plaintiff to file an amendment alleging three years separation as a ground for divorce, since the defendant objected to such amendment.

---

[3] Pettigrew v. Pettigrew, 172 Ark. 647, 291 S. W. 90.

[4] Ferguson v. Carr, 85 Ark. 246, 107 S. W. 1177.

[5] Patrick v. Whitley, 75 Ark. 465, 87 S. W. 1179, 5 Am. Cas. 672; Midland Valley Rd. Co. v. Ennis, 109 Ark. 206, 159 S. W. 214; Austin v. Dermott Canning Co., 182 Ark. 1128, 34 S. W. 2d 773.

[6] Now § 1463, Pope's Digest, and a part of § 27-1160 Ark. Stats. of 1947.

(B)  We point out that the learned trial court did not permit such amendment to be filed; and we give two excerpts from the record.  In the course of the trial this occurred:

"THE COURT: According to your statement, he did have three years separation.  ATTORNEY FOR DEFENDANT: He didn't have at the time this suit was filed.  THE COURT: He can dismiss this and file another one.  ATTORNEY FOR DEFENDANT: If he wants to do that, that is all right."

Then, later, when the attorney for the plaintiff sought to have the three-year separation considered by the court, the following occurred:

"ATTORNEY FOR PLAINTIFF: This is a new cause of action.  The cases say where you have a new cause of action and you bring in testimony and it isn't objected to by the defendant, and you ask that the complaint conform to the proof; you can bring that new cause of action; and I will show you cases.  THE COURT: You will have to have that separation, I think, outside of the time the case was pending. In other words, it has to be three years and start all over."

The excerpt last quoted contains the final remark made by the trial court on the point; and from the tenor of that remark it is clear that the trial court correctly refused to consider the three years separation as a ground for divorce in this case.

Conclusion:  1. We reverse the decree granting the plaintiff a divorce and dismiss his present suit, but without prejudice to his right to file a new suit under the three-year separation statute.[7]

2. We affirm the award of alimony to the defendant, and allow her an attorney fee of $100 in addition to all attorney fees previously allowed, and we adjudge all costs against the plaintiff.[8]

---

[7] See Trimble v. Trimble, 65 Ark. 87, 44 S. W. 1040.
[8] See Gabler v. Gabler, 209 Ark. 459, 190 S. W. 2d 975.