SUSAN W. HUBBARD *v.* ASAHEL H. HUBBARD.

May Term, 1904.

Present: MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed September 5, 1904.

*Wife's Real Property—Husband's Estate—Conveyance by Wife—Due Process of Law—Judicial Discretion—No. 49, Acts 1896—Unconstitutional.*

No. 49, Acts 1896, which authorizes the Court of Chancery, "in its discretion," on a wife's petition, to empower her to convey real estate by her separate deed, is unconstitutional in that it undertakes to clothe a court with power to deprive a husband of his property without due process of law.

APPEAL IN CHANCERY. Heard on petition, answer, master's report and exceptions thereto, at the December Term, 1903, Addison County, *Tyler,* Chancellor. Decree for the petitioner. The petitionee appealed. The opinion fully states the case.

*W. H. Davis* for the petitionee.

The Legislature could not enact a law sustaining V. S. 2646 in favor of one person and not in favor of another. *Holden* v. *James,* 11 Mass. 397; *King* v. *Tennessee,* 3 L. R. A. 210; *Tillman* v. *Cook,* 9 Baxter (Tenn.) 429; Cooley on Const. Lim. 558; *Lewis* v. *Webb,* 3 Me. 326.

The discretion to regulate property rights between husband and wife is a legislative discretion, and must be exercised by the Legislature. Art. 3 Amend. Vt. Constitution; *Noel* v. *People,* 187 Ill. 587; *State* v. *Young,* 29 Minn. 474; *Smith* v. *Shather,* 68 Cal. 194; *In Re Village of No. Milwaukee,* 93 Wis. 616; *City of Galesburg* v. *Hawkinson,* 75 Ill. 152; *Merrill* v. *Sherburne,* 1 N. H. 203.

The law in question is invalid because it clothes the court with the arbitrary power to deprive a person of his property. *Mayor of Baltimore* v. *Radecke,* 49 Md. 217; *Noel* v. *People,* 187 Ill. 587; *Yick Wo* v. *Hopkins,* 118 U. S. 354; *In Re Wo Lee,* 26 Fed. Rep. 471; *King* v. *Tenn.,* 3 L. R. A. 210; *Tillman* v. *Cook,* 9 Baxter (Tenn.) 429; *City of Galesburg* v. *Hawkinson,* 75 Ill. 152.

*William H. Bliss* for the petitioner.

STAFFORD, J. The question is whether No. 49 of the Acts. of 1896 is constitutional. It provides that "the court of chancery, in its discretion, upon the petition of a married woman, may empower her to convey her real estate by separate deed" as effectually as if the deed were executed by herself and her husband.

In the present case the petition set forth the marriage of the petitioner to the petitionee, that the petitioner was then the owner in fee simple of a piece of land described, that

since her marriage she had bargained the land to a party named and needed the proceeds for her support and to meet her obligations, and thereupon prayed for authority under said act. These, so far as the case shows, were the only averments in the bill. There was an answer, but there is nothing before us to show what it contained. The cause was referred to a special master to hear and determine the issues of fact; and the master having heard the testimony made his report to the court of chancery. The printed case purports to give the substance of the findings, as well as certain concessions, from which it appears that the parties were married in 1899, that the petitioner then owned the land described in the petition, holding the same by ordinary conveyance and not to her sole and separate use; that the parties lived together for about a year and since that period have lived apart in the circumstances and for the reasons stated by the master, which need not be noticed further than to say that they seem to show a case of separation begun and continued through the fault of the husband; that the property, free of incumbrances, is worth about nine hundred dollars ($900); that the husband brought a petition for divorce which was dismissed, and that the wife brought one which was discontinued; that she bargained the land and that the petitionee refused to join in the deed. The cause was heard in the court of chancery upon the report and the petitionee's exceptions thereto—what the exceptions were does not appear—and a decree was entered empowering the petitioner to convey the real estate by her separate deed "pursuant to the provisions of No. 49 of the acts of 1896," from which decree this appeal was taken. It will be observed that the petition is brought and the decree rendered strictly under and pursuant to the act in question. The petition does not attempt to make a case under the provisions of Vt. St.

2650, nor does the court of chancery treat the case as arising thereunder. That statute provides that when a married man is incapacitated by intemperance, insanity or otherwise for supporting his family, or deserts, neglects, or abandons his wife, or by ill usage or criminal conduct gives her cause to live apart from him, the chancellor may upon her petition, if she is of full age, authorize her to sell and convey her real estate or any personal estate which came to the husband by reason of the marriage. How the case might have stood under that enactment, we have, for the reason stated, no occasion to inquire. Even in this court the petitioner's counsel does not rely upon or even refer to that provision.

If the decree is valid what is its effect? We are still living under the common law rule which gives the husband a freehold estate for the joint lives of himself and his wife in her lands which she held at the time of her marriage except such as she held to her sole and separate use. In this land, therefore, the petitionee has such a freehold interest. In that sense and to that extent it is his estate. He is entitled to the rents and profits thereof. *Deitrich* v. *Hutchinson,* 73 Vt. 134, 50 Atl. 810; *Hanchett* v. *Moxly,* 68 Vt. 210; 34 Atl. 949; *Chapman* v. *Long,* 66 Vt. 656, 30 Atl. 3.

Such estate is still recognized and protected by statute, for, the wife may not convey nor mortgage her real estate except by deed duly executed by herself and her husband. Vt. St. 2646. The effect of the decree, then, is to deprive the husband of his estate. This of course cannot be done without due process of law. U. S. Const. 14th Amend., Sec. 1. Does the act in question provide or contemplate due process of law? It declares that the husband's estate may, in effect, be taken from him and bestowed upon the wife, upon her petition, by the court of chancery "in its discretion." Legitimate judicial

discretion is, without doubt, due process of law. Consequently the exact question is whether the power attempted to be vested in the court of chancery is a permissible instance of judicial discretion. Many attempts have been made to define the term and there is no harmonizing the results. See 6 Enc. Pl. & Pr., 819, title Discretion; same work, vol. 2, pp. 409-420, title Appeals, and 9 Am. & Eng. Enc. of Law, p. 473. One court treats it as nothing more than the power to determine finally and without appeal upon the question of fact, treating the legal rule as settled and binding. *Bundy* v. *Hyde*, 50 N. H., 120. Another declares that it can have no meaning whatever unless it extends to the determining of the rule of law itself and be recognized as final and conclusive in that respect also. *Judges* v. *People*, 18 Wend. 99. Others treat it as a freedom to determine both the rule and the fact within certain bounds, which bounds are inviolable, and are not to be overpassed without redress. All agree that by judicial discretion is never intended the whim or caprice of the magistrate, nor a course of judicial action inconsistent with itself in dealing with cases essentially alike. It is the essence of all law that when the facts are the same the result is the same. It is always necessary in the decision of a matter in court that the judge should have in mind first a rule or standard, and second the facts which are to be tested thereby. But certain matters seem hardly to admit of the formulation of inflexible rules in advance and to be most wisely left to the sound judgment of the magistrate when the exigency shall arise, leaving him to be governed by the general analogies of the law and his own sense of justice. The better view seems to be that even in these instances he is not altogether a law unto himself, but may be overruled if his action is such as to shock the universal, or the common, sense of what is right

among his fellows. All judicial discretion may thus be considered as exercisable only within the bounds of reason and justice in the broader sense, and to be abused when it plainly overpasses these bounds. See an article entitled "Judicial Discretion," 17 Am. Law Rev. 569; Sir John Romilly's opinion, 17 Eng. Rul. Cas. 823; *Gardner* v. *Jay,* 29 Ch. D. 52, 3 Eng. Rul. Cas. at pp. 251 and 252. The deposit of discretion is most usually found in matters of procedure and the conduct of trials, where not only would it be difficult to prescribe exact and minute regulations, but where the situation itself is not easily reproduced in its original character, and cannot safely be reviewed. Such are questions concerning the latitude of cross-examination, the course of argument, within certain bounds, questions of continuance and frequently of new trials, questions of the right to amend or withdraw pleadings, whether actions should be consolidated, whether and when election between counts should be compelled, questions of contempt in the presence of the court, and the like. Instances are not wanting however in the field of substantive law. Whether specific performance shall be decreed is said to be a matter of discretion, but the rules governing the exercise of the discretion have become so well fixed and understood that the conditions determining the right to a decree are almost capable of being stated in the form of a rule. 3 Pom. Eq. Jurisp., S. 1404; *Fowler* v. *Sands,* 73 Vt., 237, 50 Atl. 1067. We are not aware of any instance where the law has attempted to subject the right of a person to retain his estate to the decision of a magistrate unguided and unregulated save by his own sense of fairness and justice. The grant of discretionery power in the legal sense apparently implies the existence of certain well understood principles within which it should be exercised. But when a statute declares that a hus-

band's property may be taken from him and bestowed upon his wife in the discretion of the chancellor, what are the well understood principles which are to govern him in the exercise ·of his discretion? In the statute referred to above (Vt. St. 2650) the legislature undertook to lay down the law upon that very subject, carefully defining the circumstances in which a wife might be given the authority now asked for. When the chancellor is bidden to exercise his discretion beyond and regardless of these circumstances, how is he to judge? He has no law to govern him because the law is against divesting the husband of his estate. Is he to make a law? Is he to formulate a rule governing such cases? Then he becomes the legislature for that case. And is one chancellor to make one rule and another chancellor a different rule? Then we live under a government of men, not laws. Is it a case for the ·exercise of discretion, or is it not rather a field wherein the rights of men and women must be regulated by positive law? Is it not too much to ask that one's right to hold his estate should be made to depend upon its appearing fair and just to a chancellor that he should do so, merely in view of the ·circumstances existing between himself and another?

Analogous cases are to be found. A statute attempting to give the judge in criminal trials authority to keep the jury together or permit them to disperse, in his discretion, has been held void. *King* v. *Tennessee,* 3 L. R. A., 210. An ·ordinance forbidding the use, upon certain streets, of heavy vehicles without the special permission of a board, was held unreasonable and void as failing to prescribe conditions upon which the permission should be granted and leaving it to the arbitrary will of the officers. *Cicero Lumber Co.* v. *Cicero,* 176 Ill. 9, 26. Similar cases are: *City of Plymouth* v. *Schulthesis,* 135 Ind. 339; *Mayor* v. *Radecke,* 49 Md., 217, 33

Am. Rep. 243; *Noel* v. *People,* 187 Ill., 587; *In re Wo Lee,* 26 Fed. Rep., 471; *Yick Wo* v. *Hopkins,* 118 U. S. 354.

In our opinion, to take one's property under a statute like the present is to deprive him thereof without due process of law, and accordingly we hold that acts of 1896, No. 49, is unconstitutional and void in that it undertakes to clothe a court with power to deprive a property owner of his estate without making the exercise of the power to depend upon proof of any prescribed facts, but leaving it to the arbitrary and unregulated will of the magistrate.

*Decree reversed with costs in this Court, and cause remanded with mandate that the bill be dismissed.*