OXFORD *v.* OXFORD.

5-3134                                    373 S. W. 2d 707

Opinion delivered December 16, 1963.
[Rehearing denied Jan. 20, 1964.]

*Roy Finch & Thorp Thomas,* for appellant.

*Shouse & Jackson,* for appellee.

GEORGE ROSE SMITH, J. In this case the chancellor granted the appellee husband a divorce on the ground of three years separation. For reversal the appellant contends that the court should have denied the appellee's application for divorce and should instead have awarded the appellant that relief upon her counterclaim.

The appellant is right in her insistence that the proof does not sustain the decree. The statute requires that the parties live "separate and apart," without cohabitation, for three consecutive years. Ark. Stat. Ann. § 34-1202 (Repl. 1962). Oxford testified that he and his wife had not had marital relations for more than three years before the suit was filed in 1962. He conceded, however, that they lived together under the same roof, occupying separate rooms, until about two and a half years before the date of the trial. Under our ruling in *Brimson* v. *Brimson,* 227 Ark. 1045, 304 S. W. 2d 935, this evidence is insufficient to establish three years separation within the meaning of the statute, for it cannot be said that the couple lived separate and apart from each other.

Despite this failure of proof the appellee argues that the decree should nevertheless be affirmed upon the alternative ground of desertion, which was also alleged in

the complaint. Again, however, the proof is deficient. At the trial the appellee directed his testimony to the issue of three years separation and made no real effort to make out a case of desertion. He gave no details whatever concerning his wife's departure, merely stating that "she ain't been home in two and a half years." The appellant denied having left her husband without cause; so there is no basis upon which a finding of willful desertion could be made.

The appellant contends that the chancellor should have granted her a divorce upon one of the three grounds asserted in her counterclaim. First, she charged her husband with habitual drunkenness. She and witnesses in her behalf testified that Oxford frequently drank intoxicants. He and his witnesses minimized the extent of his drinking. We need not determine where the weight of the evidence lies, for the appellant's proof falls decidedly short of showing that Oxford was a *habitual drunkard* as we have defined the term. *O'Kane* v. *O'Kane*, 103 Ark. 382, 147 S. W. 73, 40 L.R.A. (n.s.) 655.

Secondly, the appellant charged nonsupport, which under our statute is the husband's willful failure to provide his wife with the common necessaries of life. Ark. Stat. Ann. § 34-1202 (Repl. 1962). During most of the couple's ten years together Mrs. Oxford either operated a dairy business at the family farm or found employment away from home. In this way she earned money for herself and her two sons by a prior marriage. These facts alone do not establish the allegation of nonsupport. There is no definite testimony by Mrs. Oxford, and no corroborating proof at all, to indicate any specific instance in which Oxford willfully failed to provide his wife with the necessaries of life.

The third ground relied upon is personal indignities. Each spouse accused the other of infidelity and of other conduct amounting to indignities. After studying the record we are convinced that Mrs. Oxford was at least as much at fault as her husband, perhaps more so. Moreover, it does not appear that the conduct of which Mrs. Oxford now complains was the real cause for her de-

cision to leave the family home in August or September of 1961. Neither spouse related any of the details attending Mrs. Oxford's departure, but in view of her own statement that marital relations occurred within a month before their final separation it is quite apparent that the earlier incidents did not bring about the failure of the marriage. We are inclined to think that the couple, separated in age by more than thirty years, had simply grown tired of one another.

We conclude that neither party established a cause of action. With respect to the three years separation, however, the suit may be merely premature; so, in accordance with our practice in such a situation, it will be dismissed without prejudice. *Trimble* v. *Trimble*, 65 Ark. 87, 44 S. W. 1040.

Reversed and dismissed.