### Kathleen B. Buttura v. Michael B. Buttura

[463 A.2d 229]

No. 520-81

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed June 7, 1983

*Paterson, Walke & Pratt, P.C.*, Montpelier, for Plaintiff-Appellee.

*Brian J. Grearson*, Barre, for Defendant-Appellant.

**Hill, J.** Pursuant to a judgment order of the Washington Superior Court, plaintiff was granted a divorce on the grounds that the parties had lived separate and apart for six consecutive months, with the resumption of marital relations not reasonably probable. 15 V.S.A. § 551(7). Although defendant does not contest the issuance of the divorce, he does contest the trial court's order directing him to pay plaintiff $15,000, in six installments of $2,500 each, "in full satisfaction of all claims for alimony, property settlement and suit money . . . ."

Since neither party has challenged the issuance of the divorce, our factual review is limited to those findings relating to the respective financial positions of the parties. Plaintiff and defendant were married on February 6, 1976, and separated on August 7, 1980. No children were born of the marriage, but plaintiff retained custody of her ten-year-old son from a former marriage.

At the time of the marriage, plaintiff owned a home in Northfield, a car, and some household goods and furnishings. From February 6, 1976, to April 27, 1978, plaintiff's Northfield home was rented most of the time for $250 per month. The trial court found that after the major expenses were paid on the home, the remaining rent money (amount unspecified) was given to defendant, who handled all of the family finances. On April 27, 1978, plaintiff sold her home, with the net proceeds amounting to $4,025.32. Of that amount, $1,500 was used to make the remaining payments on her car, $200 was deposited into her son's savings account, and the balance of $2,325.32 went into the family funds. In addition, plaintiff was employed throughout the marriage, with her gross pay from 1976 to 1980 totalling $30,686.04. Plaintiff's pay checks were consistently turned over to defendant, who in turn allocated her $60 biweekly for food, and an additional $20 per week for assorted household expenses.

During the marriage, defendant was employed at the Buttura Granite Company of Barre, where he also served as treasurer and stockholder. The trial court found that the sum

of his gross wages, from 1976 to 1980, amounted to $84,245. At the time of separation, defendant possessed stocks and cash totalling $5,490, a full company pension plan, the couple's $2,272.48 savings account, $500 equity in a summer camp, and a $7,900 jeep vehicle. At the time the cause was heard below, plaintiff and her son were living in a low-income housing unit, while defendant continued to live in the parties' jointly owned house, which had a fair market value of between $45,000 and $50,000. The trial court fixed the parties' equity in the home property at $20,000.

■ In his brief, defendant states that he is appealing to contest the trial court's award of property settlement, alimony, and suit money. However, we have carefully reviewed his brief, and find it completely devoid of any reasoning or legal authority to support his contention that a property settlement in this case was unjustified. "This is insufficient briefing under V.R.A.P. 28(a)(4), and we do not search the record for error not adequately briefed or referenced." *Quazzo v. Quazzo*, 136 Vt. 107, 111, 386 A.2d 638, 641 (1978). Accordingly, we will only address defendant's challenges to the awards of alimony and suit money, and to the trial court's failure to apportion its lump sum figure of $15,000 to indicate what percentage constitutes property, alimony, and suit money.

Defendant asserts that the trial court abused its discretion when it awarded plaintiff alimony. We note that defendant is not claiming that the alimony award may be excessive; rather, he contends that there is nothing in the record or findings to support any award of alimony. To buttress his argument, defendant cites the trial court's finding that plaintiff is capable of supporting herself and the trial court's failure specifically to find that she is in need of further support.

■■ The statute governing the awarding of alimony at the time of trial states in pertinent part as follows: "Upon dissolution of marriage, the court may decree to the wife such part of the real and personal estate of her husband, or such sum of money to be paid in lieu thereof . . . , as it deems just, having regard to the circumstances of the parties respectively." 15 V.S.A. § 754 (amended 1981, No. 247 (Adj. Sess.),

§ 7, codified as amended at 15 V.S.A. § 752) ; see also *Loeb* v. *Loeb*, 118 Vt. 472, 485, 114 A.2d 518, 527 (1955) (citing *Andrew* v. *Andrew*, 62 Vt. 495, 496–97, 20 A. 817, 817–18 (1890)). We have consistently stated that "[t]rial courts have wide discretion, within the limits set by Title 15, in formulating awards of property and alimony," *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981) (citing *Hogel* v. *Hogel*, 136 Vt. 195, 197, 388 A.2d 369, 370 (1978)), and an "[a]buse of discretion will only be found if the trial court fails to exercise its discretion, exercises it for clearly untenable reasons or to an untenable extent." *Id.* (citing *Brooks* v. *Brooks*, 131 Vt. 86, 92, 300 A.2d 531, 535 (1973)). In short, defendant has the burden of showing that there is no reasonable basis to support the trial court's award of alimony.

As outlined above, the trial court made extensive unchallenged findings which depicted the vast inequality between the parties' financial positions. Defendant earns in excess of $20,000 per year, lives in the family's $45,000–$50,000 home, retains assorted assets totalling approximately $16,162, and is currently involved in negotiations to buy out his father's controlling shares in the company. In contrast, plaintiff and her son currently live in a low-income housing unit on a salary of $8,843 per year. Given such findings, we fail to see how defendant can seriously contend that the awarding of any alimony was an abuse of discretion. Our review of the record indicates that an alimony award was certainly proper.

Defendant next asserts that the trial court erred when it awarded plaintiff attorney fees. Simply put, defendant contends that although plaintiff requested said fees in her pleadings, she should be deemed to have waived her request as a result of her failure to introduce evidence regarding the fees. In addressing this very point, we have specifically held

> that the peculiar nature of divorce and similar actions, involving almost always the financial circumstances and abilities of the parties as matters in controversy, and being matters of common occurrence in the trial courts, obviates the necessity for a separate hearing, *or the taking of particular evidence,* on the question of awarding of attorney fees or suit money.

*Ely* v. *Ely*, 139 Vt. 238, 242, 427 A.2d 361, 364 (1981) (emphasis supplied). Hence, the trial court's award of attorney's fees was not error.

■■ Finally, defendant insists that the $15,000 award on its face is invalid, since the trial court failed to indicate what percentage of the award was attributable to the property settlement, alimony and suit money. While it is clear that the trial court has the power to decree lump sum awards in lieu of property and alimony, we agree with defendant that in this case the trial court specifically stated that the $15,000 award was *"in full satisfaction of"* all claims for alimony, property settlement and suit money. Since specific tax consequences may result from an award of alimony, I.R.C. § 71 (1982), we think defendant is entitled to have a breakdown of the award. Accordingly, the cause is remanded for the limited purpose of specifying which portions of the award are attributable to alimony, property settlement, and suit money.

*Affirmed in part, and remanded for the limited purpose of specifying which portions of the award are attributable to alimony, property settlement, and suit money.*