### Agnes Marie Newton Roberts v. Wray Edward Roberts

[505 A.2d 676]

No. 83-134

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 17, 1986

*Candon and Butterfield*, Rutland, for Defendant-Appellant.

**Peck, J.** The parties were divorced by order of the Rutland Superior Court on the grounds that they had lived apart for more than six months and the resumption of marital relations was not reasonably probable. 15 V.S.A. § 551(7). The divorce itself is not challenged; the issues raised here by the appeal of defendant,

Wray Roberts, relate solely to the court-ordered property settlement. 15 V.S.A. § 751. We affirm.

The defendant contests those portions of the order which awarded the plaintiff, Agnes Roberts, the parties' land and mobile home thereon, a 1981 Chevette, and most of the personal property at the homestead. He also contests the order's requirement to reinstate the plaintiff as beneficiary of his life insurance policy until he fulfilled all his obligations to the plaintiff under the order. He further contests the order's mandate that a snowmobile, an organ, a camper, and a pick-up truck be sold, in that order, to pay off loans on the home and two automobiles.

The defendant claims first that the court granted essentially all the marital property to the plaintiff without sufficient findings to justify this award.

The court found that the parties had been married for nineteen years. It found that the plaintiff spent almost all her money for household necessities, and that the defendant spent a good portion of his income on his own interests, such as guns, model airplanes and snowmobiles. Both the length of the marriage and the relative contributions of the parties are factors the trial court may consider in property disposition upon divorce. 15 V.S.A. § 751(b)(1), (11). The defendant does not contest these findings but argues that they do not justify the court's order.

Trial courts have wide discretion in the disposition of property upon divorce. *Atwood* v. *Atwood*, 143 Vt. 298, 300, 465 A.2d 1354, 1355 (1983). Unless the court's discretion was abused, withheld or exercised on untenable grounds or to a clearly unreasonable extent, the decree will not be disturbed. *Ruhe* v. *Ruhe*, 142 Vt. 429, 432, 457 A.2d 628, 630 (1983).

We find no abuse of discretion here where the court based its award on the plaintiff's contribution for nineteen years to the acquisition and preservation of the household. "[T]he distribution of property is not an exact science and does not always lend itself to a precise mathematical formula; all that is required is that such distribution be equitable." *Victor* v. *Victor*, 142 Vt. 126, 130, 453 A.2d 1115, 1117 (1982). Reviewing the record, we find that the property disposition was equitable. The record supports the findings as to the greater contribution made by the plaintiff. Much of the testimony at the hearing related to the respective merits of the parties, although the court made no finding concerning merit. The trial court, however, did award custody of the par-

ties' then minor child to the plaintiff. The desirability of awarding the home to the custodial parent is one factor trial courts may consider in making property settlements upon divorce. 15 V.S.A. § 751(b)(9). In sum, the length of the marriage, the contribution of the parties, and the award of custody to the plaintiff provide sufficient support for the trial court's order.

█ The defendant's second argument is that the failure of the superior court judge to give prior notice that the assistant judges would not be available for the final hearing in this case requires reversal. The defendant does not argue that the court was improperly constituted and, therefore, lacked jurisdiction, see *Soucy* v. *Soucy Motors, Inc.*, 143 Vt. 615, 617, 471 A.2d 224, 225 (1983), but only argues that he should have received notice of the unavailability of the assistant judges. The record reveals no objection by the defendant or any request for a continuance. Because this issue was not raised below we will not consider it here. *State* v. *Ruud*, 143 Vt. 392, 396, 465 A.2d 1377, 1379 (1983).

█ The defendant's third argument is that the court's failure to make findings in connection with a stipulation executed by the parties several months before the final hearing requires reversal. A review of the record indicates that the admission of the stipulation into evidence by the defendant was for impeachment purposes. The court asked the defendant's attorney if he was trying to enforce the stipulation, and he answered that he was just trying to show that the plaintiff wasn't "about to live up to anything that she signs." In a contested hearing for absolute divorce where the parties are not seeking to enforce a prior stipulation as to property settlement, the court is not bound by the stipulation but has the discretion to order a new disposition. See *Rudin* v. *Rudin*, 132 Vt. 30, 33, 312 A.2d 736, 738 (1973). As the court was not bound by the stipulation, it was not required to make findings relating to it.

*Affirmed.*