## Anna K. Buxton v. Stephen A. Buxton

[527 A.2d 660]

No. 86-189

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed March 20, 1987

*Lynch & Foley, P.C.*, Middlebury, for Plaintiff-Appellant.

*William H. Meub* and *James S. Fry* (On the Brief) of *Kelley, Meub, Powers and English, Ltd.*, Middlebury, for Defendant-Appellee.

**Gibson, J.** Defendant husband obtained leave of the trial court to take an interlocutory appeal from the court's order awarding temporary possession of the marital home to plaintiff wife in a divorce action. The issue is the authority of the court to issue such an order in the absence of a finding of either spouse abuse under 15 V.S.A. chapter 21 or intolerable severity. The question of law submitted by the trial court reads as follows:

> May the Court by temporary order award temporary use, possession and control of the home place to the plaintiff in a divorce proceeding without a finding of abuse of the plaintiff by defendant under Chapter 21 of Title 15 or without a finding that plaintiff has made out a prima facie case of intolerable severity where both parties continue to reside in the home place?

We answer the question in the affirmative.

The trial court granted plaintiff temporary possession of the home pursuant to 15 V.S.A. § 594a, which states:

> Either party or both parties to a marriage may apply for temporary relief at any time following the separation of the parties to the marriage coincidental with, or subsequent to the filing of petition for absolute divorce or legal separation. The court to which the cause is returnable, or a superior judge, on such notice to the adverse party as the court or judge directs, may make such orders pending final hearing and further order of the court as the court would be authorized to make upon final hearing. A prompt hearing will be held, and the evidence shall be recorded by a court reporter. The court or judge shall issue an order within 10 days from the date of the hearing. Failure of the court or judge to issue an order within 10 days shall not affect the validity of any order issued after the 10-day period.

Also governing such orders is V.R.C.P. 80(c)(1), which states:

> (1) *Temporary Relief.* Either or both parties may apply for temporary relief. The court may make such orders pending final hearing as the court would be authorized to make upon final hearing except that the court may not change title of real or personal property without the consent of the parties.

V.R.C.P. 80(c)(2) grants specific authority to award temporary possession of real or personal property to either spouse "as may be just and equitable."

Defendant argues that neither § 594a, despite its broad language, nor V.R.C.P. 80(c)(2) permit an order granting temporary possession of the home to either party because there is no standard set forth therein to guide the court in the exercise of its discretion, citing *Hubbard* v. *Hubbard*, 77 Vt. 73, 58 A. 969 (1904), as support for his argument. Defendant points to the abuse prevention provisions of 15 V.S.A. ch. 21, §§ 1101-1109, as supplying a standard that could be used in the application of V.R.C.P. 80(c)(2).

In *Hubbard*, this Court invalidated a statute that authorized the court of chancery, "in its discretion," to empower a married woman "to convey her real estate by separate deed" as effectively

as if the deed were executed by herself and her husband. In that case, the property in question was in the sole name of the wife, having been acquired by her prior to the marriage. The Court held that, without setting guidelines for the exercise of the trial court's discretion, the statute served to deprive the husband of his property without due process of law.* *Id.* at 80, 58 A. at 971. *Hubbard* is irrelevant to the case at bar, however. Here, the court's temporary order does not deprive defendant of his ownership interest in the home premises. Rather, the rule specifically prohibits the court from making any change in the title of real estate "without the consent of the parties," V.R.C.P. 80(c)(1), and the court's temporary order made no change in the title.

As for applying the abuse prevention standards, there is no necessary relationship between the abuse prevention provisions of chapter 21 and the statutes and rules governing divorce proceedings. Factors other than physical harm, the fear of imminent serious physical harm, and abuse to children, 15 V.S.A. § 1101(1), are relevant considerations to a court's determination of temporary possession of the home premises. Such other factors might include the determination as to who is to have custody of the children and what will be in their best interests as to place of residence, the emotional consequences to the parties and/or the children of continuing to share the same residence, the economic status of each party, and the cost and availability of alternative housing to each party.

Further, the standard for temporary orders parallels to some extent the standard applicable to permanent orders. The best interests of the children is a valid factor to consider in a final order concerning award of the family home, 15 V.S.A. § 751(b)(9), and the same factor may be considered in rendering a temporary order. That the court may issue orders with respect to the parties' real property is implicit in the last clause of V.R.C.P. 80(c)(1), which bars changes in title to real or personal property in temporary orders without the consent of the parties.

In this case, the trial court conducted a hearing, took evidence, and concluded that the continued residence of both parties under the same roof was causing "considerable tension and emotional

---

* Today there is no statutory or common law impediment to a married woman's conveyance by her sole deed of property owned separately in her name, except for property in which the husband has a homestead interest. 15 V.S.A. § 64; *Proulx v. Parrow*, 115 Vt. 232, 241, 56 A.2d 623, 628-29 (1948).

distress" which was not in the best interests of the children. These findings are supported by the evidence and are sufficient to support the court's temporary order. We find no abuse of discretion.

Defendant next asserts that, at the time the temporary order was imposed, the parties had not yet engaged in a "separation" because they still lived under the same roof, and, therefore, the court lacked jurisdiction under 15 V.S.A. § 594a. Plaintiff is correct that for purposes of temporary orders in matrimonial matters "separation of the parties" does not mean that one of the parties must have vacated the home premises. Such a reading would fail to recognize that "[t]he essential thing is not separate roofs, but separate lives." *Boyce* v. *Boyce*, 80 U.S. App. D.C. 355, 356, 153 F.2d 229, 230 (1946) (citing *Pedersen* v. *Pedersen*, 71 App. D.C. 26, 31, 107 F.2d 227, 232 (1939)); see also *Heckman* v. *Heckman*, 245 A.2d 550, 551 (Del. 1968) ("a couple may live separate and apart even under the same roof . . . ."). Continued residence in the same dwelling is but one factor to be considered with others in determining the nature of the relationship between the parties. A spouse should not be compelled, in asserting his or her rights, to surrender possession of his or her property. Here, though under one roof, the parties were separated within the meaning of § 594a. They were not living as husband and wife; divorce proceedings had commenced; and the evidence indicated the existence of the kind and degree of interpersonal tension and friction necessary to justify the issuance of temporary relief.

*The certified question is answered in the affirmative; cause remanded.*