# Audrey Belanger v. Raymond R. Belanger

[531 A.2d 912]

No. 85-317

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,\* JJ.**

Opinion Filed June 26, 1987

---

\* Justice Hayes was present for oral argument, but did not participate in this decision.

*Molde & Black*, Johnson, for Plaintiff-Appellant.

*Gary D. McQuesten*, Barre, for Defendant-Appellee.

**Allen, C.J.** Plaintiff challenges the trial court's division of property and provisions made for child support and maintenance in its divorce order. We affirm.

Plaintiff's first claim of error relates to the trial court's findings concerning plaintiff's attitude of bias and ill will toward defendant. Plaintiff argues that the trial court's "failure to consider the evidence with impartial patience and adequate reflection" caused error in its child support and maintenance provisions.

The trial court specifically found that the marriage had been "stormy and difficult" and that plaintiff had, on several occasions, indicated to the defendant that she was going to "take defendant for all he [was] worth . . ., that [he would] support [her] for the rest of [his] life, and that [she was] going to take [him] to the cleaners." The trial court found that plaintiff had filed three divorce actions prior to the present action and that a petition for abuse had also been filed. On these occasions, the trial court found that defendant had been "kicked out" of the home. A final order from the abuse petition had been granted to plaintiff prior to the present divorce action.

Plaintiff argues that the trial court attributed an intention to misuse the court system to her and that an underlying punitive attitude toward her was reflected in its child support and maintenance provisions. Plaintiff insists that she was merely exercising her statutory rights and that the court had a duty to inquire into the merits of the earlier abuse petition during the present divorce action. Plaintiff's first claim of error, as stated in her brief,

reduces to the assertion that "the court's evaluation and analysis of the plaintiff's attitude, demeanor and behavior . . . is clearly untenable, unresponsible and arbitrary."

■ Plaintiff's attitude, demeanor and credibility are issues most appropriately determined by the trier of fact. *Hall* v. *Miller*, 143 Vt. 135, 145, 465 A.2d 222, 227 (1983). The trial court made exhaustive findings in this divorce and specifically concluded that "the attitude and demeanor of the plaintiff . . . had an adverse effect on the credibility of her testimony." Plaintiff's challenge to specific words used in the trial court's findings, such as "kicked out," is not an adequate basis to hold that the findings are not supported by the evidence. Plaintiff's burden is to show that no reasonable basis to support the trial court's awards existed, *Buttura* v. *Buttura*, 143 Vt. 95, 99, 463 A.2d 229, 231 (1983), and it has not been met.

■ ■ An abuse of discretion will only be found if the trial court "failed to exercise its discretion, or that its discretion was exercised [for] reasons clearly untenable, or to an extent clearly unreasonable." *Brooks* v. *Brooks*, 131 Vt. 86, 92, 300 A.2d 531, 535 (1973). On appeal, this Court will not set aside findings of fact unless they are clearly erroneous, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence. *Cliche* v. *Cliche*, 140 Vt. 540, 541, 442 A.2d 60, 61 (1982). It was not error for the trial court to have found that plaintiff's animosity toward defendant was reflected in her testimony. It is the function of the trial court to sift through the evidence and distill a version of events that is most accurate. Our review of the findings indicates that is precisely what the trial court did.

■ Plaintiff's contention that the court's child support and maintenance provisions were tainted by the court's bias toward her is not reflected in the court's findings. Plaintiff maintains that the court's award of $75 per week ignored parts of an exhibit outlining expenses needed for child support. No error was committed by the court. The exhibit in question sets forth the sum of $402 as the minor child's expenses, some of which the court found to be inflated, and the court's award was within the discretion afforded trial courts in child support matters. See *Roya* v. *Roya*, 145 Vt. 488, 489, 494 A.2d 132, 133 (1985).

■ The court's maintenance award of $50 per week for one year was "to grant [plaintiff] the opportunity to establish herself

financially," and was based on the court's determination that plaintiff had certain marketable skills. It, too, is supported by the evidence and will not be disturbed on appeal. See *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981).

█ Further, plaintiff's argument that the trial court should have made findings of physical and nonphysical abuse, on the basis of the earlier abuse petition, is not persuasive. Plaintiff did not attempt to introduce the transcript of the earlier abuse proceeding into evidence at the divorce hearing. *Andreson* v. *Andreson*, 145 Vt. 634, 497 A.2d 371 (1985), does not, contrary to plaintiff's assertion, create a duty on the court to inquire into the earlier abuse action. The trial court heard conflicting evidence covering the full period of the parties' 21-year marriage, and the question of abuse was for it to determine. See *Economou* v. *Economou*, 136 Vt. 611, 617, 399 A.2d 496, 499 (1979). The court specifically found that the defendant had not physically abused the plaintiff and that "there [was] no credence to plaintiff's claim that defendant fractured her nose . . . ."

Plaintiff's remaining argument concerns the valuation of the parties' properties in Wolcott and Hardwick, which are used by defendant in his Christmas tree business. Plaintiff refers repeatedly to the "uncontradicted and agreed value of the trees" on the properties and argues that the court erred by only considering the value of the land itself. The transcript reveals a wide difference of opinion as to the value of the unharvested trees. Plaintiff's own expert testified that he initially appraised the properties without undertaking separate valuations for the land and the trees. Defendant testified as to the value of the Wolcott property, and said during cross-examination that an exhibit, which was an inventory of properties and valuations prepared on his behalf, included the value of the Christmas trees. The evidence on the property valuation was controverted, and the values proffered by each side were significantly different. It was for the trial court to determine the weight to be given testimony regarding the value of the properties. *Jackson* v. *Jackson*, 139 Vt. 548, 550, 432 A.2d 1181, 1182 (1981). The court's findings reflect the fact that both properties were used as investments to grow Christmas trees, and its findings concerning their value will not be disturbed on appeal. The property division was an appropriate exercise of the trial court's discretion. *Daitchman* v. *Daitchman*, 145 Vt. 145, 152, 483 A.2d 270, 274 (1984).

■ Plaintiff also argues that the trial court improperly excluded the Hardwick properties owned by the parties from its inventory of marital property. Reading the findings and conclusions as a whole, it is clear that the trial court treated the Hardwick parcels as marital property. The court described the property in Finding No. 17, "a list of the real and personal property owned by the parties," and detailed the history of the property in Findings No. 26 and 27. The court valued the property at $12,500, "[took] into account the fact that this property was a pre-marital asset of defendant in considering the equities of the parties in marital property," and awarded the property to defendant. This was not error. See 15 V.S.A. § 751(b)(10) ("party through whom the property was acquired" is a factor the court may consider).

Finally, plaintiff argues that the trial court did not include within the marital estate $2,000 which Lamoille Construction, defendant's company, paid toward the purchase of a restaurant. The court's findings with respect to defendant's company reflect thorough consideration of its assets. Of $91,000 in equity based on real property and equipment, plaintiff was awarded $40,000 cash. It is unclear whether the court specifically considered the $2,000 down payment. Even assuming it did not, we find no abuse of discretion in the court's property award. *Roberts* v. *Roberts*, 146 Vt. 498, 499, 505 A.2d 676, 677 (1986); *Atwood* v. *Atwood*, 143 Vt. 298, 300, 465 A.2d 1354, 1355 (1983).

*Affirmed.*