### Patricia McCrea v. Lawrence McCrea

[552 A.2d 392]

No. 87-337

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed July 15, 1988

*John J. Bergeron*, Burlington, for Plaintiff-Appellee.

*Craig Weatherly* of *Gravel and Shea*, Burlington, for Defendant-Appellant.

**Peck, J.** The parties were granted a divorce on August 27, 1987, on the grounds that they had lived separate and apart for six consecutive months and resumption of marital relations was not reasonably probable. Defendant, Lawrence McCrea, appeals the property settlement and maintenance award in the parties' divorce decree. We affirm.

The final decree incorporated an agreement of the parties with regard to parental rights and responsibilities, including child support and visitation, and decided issues of separate maintenance and property division. Defendant appeals to this Court, alleging that the superior court improperly disregarded the parties' stipulation when it awarded separate maintenance and divided the marital property, that the court's findings and order were not supported by the evidence, and that the court improperly ordered the parties to pay for the attorney's fees and counseling costs in proportion to their respective gross incomes.

The parties were married on July 25, 1975. They have one minor child, born February 29, 1980. The parties separated in May, 1986, and on February 18, 1987, plaintiff filed for divorce.

Plaintiff and defendant entered into a stipulation in April, 1986, dividing their property and agreeing to child support, separate maintenance and custody. Because the child support did not comply with child support guidelines enacted in April, 1987, plaintiff notified defendant that at the hearing on the merits of the divorce she would be requesting a modification of the child support provision of the stipulated agreement in order to make it consistent with the new statutory guidelines. In response, counsel for defendant took the position that if plaintiff wished to "start tinkering with the deal that they made, that she's going to have to tinker with the whole deal, and not with just the parts that she wants to modify upward." A full contested hearing on all financial matters followed.

After the trial was completed, defendant raised the issue of the validity of the final stipulation in his "Requests for Findings of Fact, Conclusions of Law and Order." At no time during the trial on the merits did defendant indicate he was seeking to have the court enforce the stipulation, and all contested issues of property division and maintenance were fully litigated by the parties. Consequently, the court concluded that the agreement about financial matters had been rescinded by the parties, and it awarded plaintiff maintenance, determined child support in accordance with the statutory guidelines, and divided the marital property.

■ Defendant argues that the trial court improperly disregarded the stipulated agreement when fashioning its opinion and order. Having reviewed the record, we find that the agreement was orally rescinded, and both parties proceeded as though it was not binding on the court. "In a contested hearing for absolute divorce where the parties are not seeking to enforce a prior stipulation . . . . the court is not bound by the stipulation but has the discretion to order a new disposition." *Roberts* v. *Roberts*, 146 Vt. 498, 500, 505 A.2d 676, 678 (1986). In this case, the court was not bound by the stipulation and, therefore, properly exercised its discretion to order a new disposition.

■ Defendant next contends that the court's findings and order regarding the property distribution are not supported by the evidence. "[T]his Court will not set aside findings of fact unless, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, they are clearly erroneous." *Ruhe* v. *Ruhe*, 142 Vt. 429, 431, 457 A.2d 628, 629-30 (1983). Trial courts have wide discretion in the disposition of property upon divorce. *Atwood* v. *Atwood*, 143 Vt. 298, 300, 465 A.2d 1354, 1355 (1983). "If the court's findings are supported by reasonable evidence and the findings are sufficient to support the conclusions of law, we will not interfere with the court's wide discretion . . . ." *Cleverly* v. *Cleverly*, 147 Vt. 154, 156, 513 A.2d 612, 613 (1986). In this case we find reasonable evidence to support the court's findings and conclusions with respect to the property division.

■ Defendant argues that the court erred when it awarded separate maintenance of one hundred dollars a week. He contends that 15 V.S.A. § 752(a) allows a court to award maintenance only where a spouse is otherwise unable to support him or herself, and that the court improperly justified its award by applying (a)(1)

and (a)(2) disjunctively rather than conjunctively as the plain language of the section requires.

An award of maintenance is "subject to the trial court's discretion and will not be set aside absent a demonstration of abuse of that discretion." *Lynch* v. *Lynch*, 147 Vt. 574, 575, 522 A.2d 234, 234-35 (1987). In this case, no abuse of discretion has been shown. Although plaintiff earns enough to support herself well over the poverty level, subsections (1) and (2) of 15 V.S.A. § 752(a), taken together, allow the court to award separate maintenance where a party lacks sufficient income to provide for his or her own reasonable needs where reasonable needs is determined in light of the standard of living established during the marriage. Cf. *Buttura* v. *Buttura*, 143 Vt. 95, 99, 463 A.2d 229, 231 (1983); 15 V.S.A. § 752(a). Here, the court found, and evidence supports its detemination, that plaintiff lacked sufficient income and property to provide for her reasonable needs, determined within the context of the standard of living established during the marriage. In addition, the court properly considered the factors set out in 15 V.S.A. § 752(b) to determine the amount and duration of the award.

■ Finally, defendant argues that the court improperly ordered the parties to split counseling and attorney's fees in proportion to their respective gross incomes. The court reasoned that all expenses attributable to the divorce should be borne by the parties in proportion to their incomes, and therefore ordered 29% of the fees and expenses to be borne by plaintiff and 71% by defendant. Under the circumstances of this case we find this award appropriate and, accordingly, we find no error.

*Affirmed.*