**Betty Lou ELLIS v. Carl James ELLIS, Sr.**

[552 A.2d 406]

No. 87-090

July 21, 1988. Defendant appeals from the judgment order entered by the Rutland Superior Court on January 15, 1987, with regard to a divorce action by the parties. Defendant argues that the trial court abused its discretion by distributing property pursuant to the divorce without first hearing all evidence relevant to 15 V.S.A. § 751.

Pursuant to 15 V.S.A. § 751 a court may consider certain enumerated factors when distributing property upon divorce where relevant evidence has been presented on those issues. In this case, the court made findings relevant to all of the factors set out in § 751 to which evidence had been presented. There is no indication, and defendant makes no allegation, that he was ever prevented from providing evidence on any of these factors. Rather, defendant indicates that his failure to present evidence was due to his misunderstandings of the purpose of the hearing on the merits and his own lack of preparation.*

The trial court has wide discretion in distributing property upon divorce. *Lynch* v. *Lynch*, 147 Vt. 574, 576, 522 A.2d 234, 235 (1987). Its award will not be disturbed on appeal unless the court's discretion was abused, withheld

---

* We note that defendant was represented by counsel at all relevant times.

or exercised on untenable grounds or to a clearly unreasonable extent. *Roberts* v. *Roberts*, 146 Vt. 498, 499, 505 A.2d 676, 677 (1986).

In this case, we hold that the trial court did not abuse its discretion in its findings, conclusions and judgment order based on the evidence properly before it.

*Affirmed.*