VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-256

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2025

Amy Keech v. Colin Keech\*

}     APPEALED FROM:
}     Superior Court, Chittenden Unit,
}     Family Division
}     CASE NO. 22-DM-00822
      Trial Judge: Kevin W. Griffin

In the above-entitled cause, the Clerk will enter:

Husband appeals the family division's award of spousal maintenance in its final divorce order. We affirm.

The family division made the following findings. The parties were married in 2005 and separated in 2022. They have three children, aged eighteen, fifteen, and ten.

Wife is fifty-one years old, college educated, and in good health. Wife acted as the primary caregiver for the parties' children during the marriage and earned little to no income from 2007 to 2018. She resumed part-time employment in 2019 and earned $6035 that year and $24,635 the following year. When the parties' youngest child began attending school, wife began working full-time. She currently serves as the director of enrollment for a private school and earns $42,250 per year, plus an additional monthly contribution of $600 toward health benefits and tuition remission for the parties' children, who are enrolled at the school.

Husband is forty-six years old, college educated, and in fair health. He works as a key grip in the entertainment industry, primarily in New York City. When hired for a project, he works on site Monday through Friday and commutes home to Vermont on weekends. Husband's work is physically grueling. He frequently works sixty to seventy hours a week, excluding lunch and commuting time. He takes breaks between projects to recuperate. He has various medical ailments including left shoulder damage, spinal stenosis, slipped discs, and advanced arthritis. He experiences a low level of pain most days when he is working. Husband also receives income from his half-ownership interest in a limited liability company that rents lighting and camera equipment to production studios.

Husband's income fluctuates from year to year. The court found that the most reliable source for estimating husband's yearly earning capacity was his Social Security earnings statement, which showed that husband's Medicare taxed income was $179,522 in 2016, $204,496 in 2017, $198,124 in 2018, $186,297 in 2019, $102,342 in 2020, $131,491 in 2021, and $223,321 in 2022. The court found that husband's reduced income in 2020 and 2021 was attributable to the coronavirus pandemic. It also determined that husband earned his highest income ever in 2022 by working an unprecedented number of hours to sustain two households and it would be unfair to expect him to maintain that schedule in future years. The court therefore found that husband's yearly earning capacity from his work as a key grip and his company was $192,110.

The court awarded wife the marital home, which had an equity value of $226,280. It ordered wife to assume the mortgage debt of $249,410 and a secondary home loan of $49,319. It also awarded wife a SEP IRA valued at $41,344 and 30% of husband's 401(k) account, which had an equity value of $283,520. It awarded husband two annuity accounts with a combined value of $118,501 and his interest in his limited liability company, as well as his union pension. It ordered husband to pay unsecured marital debts totaling approximately $122,430. It otherwise awarded the parties the accounts and personal property held in their individual names.

The court found wife was entitled to rehabilitative spousal maintenance because she lacked sufficient income to meet her reasonable needs and the marital estate did not contain sufficient property to make an award in lieu of maintenance. The court then considered the factors set forth in 15 V.S.A. § 752(b). It found that wife had a fixed salary and that it did not make sense for wife to seek another position because of the tuition benefits her job provided. Wife's employment was commensurate with her education and employment history. Neither party would be able to maintain the standard of living achieved during the marriage given the significant marital debt, and each would have to reduce their monthly expenses. The parties were married for sixteen years and six months, and husband had continued to pay the parties' joint household expenses following separation. Wife was in good health. Husband was in fair health and could continue his work as a key grip for the foreseeable future, although the physical toll of the profession would eventually require him to cut back his hours. Husband's earning capacity would allow him to meet his reasonable needs while paying rehabilitative maintenance and placed him in a better position to pay off the marital debt. A cost-of-living adjustment was not warranted given husband's fluctuating income and the limited duration of the maintenance award. Neither party was close to the age of eligibility for full Social Security retirement benefits. Finally, the spousal maintenance guidelines suggested a maintenance award ranging between $2498 to $4621 for a duration of six to fourteen years.

Based on these factors, the court ordered husband to pay wife spousal maintenance of $3250 per month for eight years. The court stated that its award took into consideration the marital property awarded to wife, the assignment of the marital debts to husband, and husband's payment of household expenses pursuant to the temporary order issued in September 2022.

Husband filed a motion to reconsider, arguing that the court, having found that husband's work schedule was unsustainable, should have imputed a lower income to husband and calculated spousal support accordingly. Husband proposed that the court reduce his imputed income by 20% to $153,688 and award the lowest guideline amount of $1857 per month. The

court denied husband's motion, explaining that the spousal maintenance award was supported by the findings and husband identified no errors in those findings. This appeal followed.

The family division may award spousal maintenance when it finds that a spouse "lacks sufficient income or property, or both . . . to provide for his or her reasonable needs" and the spouse "is unable to support himself or herself through appropriate employment at the standard of living established during the civil marriage." 15 V.S.A. § 752(a). "The family court has considerable discretion in determining the amount and duration of maintenance once grounds for the award are established under the statutory criteria, and a maintenance award will be set aside only if there is no reasonable basis to support it." Gravel v. Gravel, 2009 VT 77, ¶ 23, 186 Vt. 250.

Husband concedes that the grounds for awarding wife spousal maintenance are established here. However, he argues that the court abused its discretion in the amount it awarded. Specifically, he contends that the court erred by imputing annual income to him of $192,110 because this was inconsistent with the court's findings that prior to the parties' separation, they planned for husband to reduce his work schedule, and that husband could not reasonably be expected to continue the grueling work schedule he pursued in 2022.

The court's determination of husband's income was supported by the evidence and findings. Although the parties had discussed reducing husband's work schedule prior to their separation, this plan was clearly premised on their remaining a unified household. As the court found, neither party would be able to live as they had during the marriage once their assets and income were divided, and husband's present earning capacity was far greater than wife's. The court found that husband was able to continue his relatively lucrative work as a key grip for the foreseeable future, despite his medical ailments. The court found that it would not be fair to include husband's 2022 income, his highest ever, in imputing future income because it required him to work a punishing schedule that was not sustainable. It also declined to consider his income during 2020 and 2021, when work dried up because of the pandemic. Instead, the court used his income from 2016 to 2019, which was relatively consistent, to estimate his future income.

The court's methodology was reasonable and supported by the evidence. Husband is relatively young and there was no specific evidence that he was unable, for the time being, to work the schedule that he did prior to the pandemic, when he worked six to nine months a year with rest periods in between. The court reasonably considered husband's income during this period to be the most accurate reflection of his future earning capacity. See Kohut v. Kohut, 164 Vt. 40, 44 (1995) (holding court could consider husband's past earnings to predict future income); see also Golden v. Cooper-Ellis, 2007 VT 15, ¶ 50, 181 Vt. 359 (upholding family court's estimate of husband's expected earnings, which was based on evidence showing that husband's base salary and bonuses had steadily increased over previous years). Based on this imputed income, the court awarded a spousal maintenance amount that fell in the middle of the guideline range. Notably, the court limited the duration of the award to eight years to reflect its finding that husband would eventually need to decrease his workload. Husband's argument that he may not be able to physically keep up his current schedule "in essence is no more than an argument that the future is uncertain," acceptance of which "would make an award of maintenance impossible in every case." Scott v. Scott, 155 Vt. 465, 470 (1990). The court acted

3

within its discretion in fashioning the spousal maintenance award and we see no basis to disturb it.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
Nancy J. Waples, Associate Justice