## In re T. L. S. and M. J. C.

[425 A.2d 96]

No. 249-79

Present: Daley, Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed November 21, 1980

Motion for Reargument Denied January 9, 1981

Michael J. Sheehan, Windsor County State's Attorney, White River Junction, and M. Jerome Diamond, Attorney General, and Edwin L. Hobson, Jr., and Elizabeth Rome, Assistant Attorneys General, Montpelier, for Petitioner.

Kiel, Freeman & Boylan, Springfield, and Ulbrich & Dakin, Chester, for Respondents.

Daley, J. The Windsor County State's Attorney filed a petition pursuant to the Juvenile Procedure Act, 33 V.S.A. §§ 631–667, alleging that T. L. S. and M. J. C. were children in need of care and supervision. Several hearings on the merits were held, and on May 25, 1979, the court entered its findings, concluding that T. L. S. and M. J. C. were children in need of care and supervision. They were found to be without the parental care necessary for their emotional and mental well-being. The court then ordered a disposition hearing. At that hearing, it ordered that the legal custody of the children be transferred to the Commissioner of Social and Rehabilitation Services, residual parental rights remaining with the mother. Both the mother and the father appeal.

Appellants challenge the sufficiency of the evidence to support the court's findings, conclusions and order. Their principal claim in this respect relates to the court's ordering a psychiatric examination of the mother and the use of testimony obtained as a result of the examination in its findings.

During the first hearing on the merits, while the mother was testifying, the court indicated that, over the objection of counsel, it was going to order a psychiatric examination of the mother. At the conclusion of the mother's testimony, the attorney for the guardian of the children made a motion for such

an examination. The court immediately granted the motion. In its written order, made the same day, the mother was ordered to present herself to one Dr. Racusin for a mental examination as to her ability to provide care and support for her children. The doctor was ordered to provide the court with a written report of his findings and opinion. He did so and testified, the court admitting his report as an exhibit.

In its findings, the court relied heavily on the testimony of Dr. Racusin as the basis for its ultimate decision. We hold that the mental examination of the mother was without statutory authorization (see Juvenile Procedure Act, *supra*) and that all the testimony derived therefrom should therefore have been excluded. It is evident from the record and undisputed by the parties that without the evidence derived from the psychiatric examination, the State's case is not made out. The court's decision can therefore not be permitted to stand and the case must be remanded.

"When acting as a juvenile court a [district] court is exercising special and limited statutory powers . . . . [N]othing will be presumed in favor of [its] jurisdiction . . . [a]nd if the facts necessary to confer jurisdiction do not appear from the record its judgments and orders are void . . . ." *In re McMahon Children,* 115 Vt. 415, 418–19, 63 A.2d 198, 200 (1949). There is no statutory authorization for the ordering of a psychiatric examination of the mother in the context of a petition alleging children to be in need of care and supervision. Thus, both the report and the testimony derived therefrom should have been excluded. Given the insufficiency of the State's case without this evidence, the juvenile court's decision must be reversed and remanded.

*The juvenile court's finding that T. L. S. and M. J. C. are children in need of care and supervision, not being supported by the evidence, is reversed. The court's order of May 25, 1979, is vacated and the cause remanded.*