# Mary Rapp v. Thomas Dimino

[643 A.2d 835]

No. 93-084

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 2, 1993

Motions for Reargument Denied April 29, 1994

*Ronald A. Fox* of *Biggam, Fox & Skinner*, Montpelier, for Plaintiff-Appellant.

*Rebecca G. Olson* of *Stevens Law Office*, Stowe, for Defendant-Appellee.

**Allen, C.J.** Plaintiff Mary Rapp appeals from a final abuse-prevention order that granted her relief from abuse but awarded

custody of the two minor children to defendant Thomas Dimino, her husband. We vacate the custody component of the order.

The parties were married in the Rochester, New York area in September 1985 and remained there until January 1991, when they moved to Florida with their two sons, who were born in March 1986 and June 1987. The parties separated in early 1992, but resided close to each other and shared custody of the boys. Although they remained separated, the parties decided to return to Rochester, New York and then relocate to a place where they could continue to live separate lives while sharing custody of the children. Shortly after returning to Rochester, plaintiff brought the children to Stowe, where a friend had agreed to provide her with an apartment and a vehicle to help her get started. She found work and enrolled the children in school. Defendant objected to plaintiff's decision to move to Vermont with the children because he did not believe he would be able to set up his marketing business there.

Based on defendant's prior abusive behavior and on her belief that he intended to take the children back to New York, plaintiff filed a relief-from-abuse complaint pursuant to 15 V.S.A. § 1103. On October 1, the family court issued a temporary order prohibiting defendant from abusing her or the children and awarding temporary custody to plaintiff. Shortly thereafter, the court appointed guardians ad litem for the children. On November 10, plaintiff sought custody of the children in a separate complaint for support pursuant to 15 V.S.A. § 293. On January 8, 1993, the parties agreed by stipulation that physical responsibility for the children would be solely with plaintiff and that defendant would pay child support to plaintiff in the amount of $657 per month.

On January 22, 1993, the family court held a final relief-from-abuse hearing. At the outset of the hearing, the presiding judge noted that the parties had "not established residence in Vermont to have a divorce action" and emphasized that the matter before the court was strictly a relief-from-abuse hearing. Notwithstanding the court's comments, several of the dozen or so witnesses testified as to the needs of the children and whether those needs might be better served by the boys residing with one parent rather than the other.

At the conclusion of the hearing, following a recess, the presiding judge stated that "the decision of the Court is split into two different parts, and there is a dissent." The court was unanimous in finding that plaintiff had been abused by defendant on at least one occasion and that there was risk of further abuse. The presiding judge believed

that defendant's violent temper put both plaintiff and the children at risk of further abuse. The court therefore ordered defendant to refrain from abusing or threatening plaintiff.

The court also made a ruling on the custody of the children. The presiding judge stated that "[b]ecause there is a split and the assistant judges are the fact finders in this case, the decision of the Court, then, is that the defendant will have custody of the minor children." The temporary custody order was made effective until June 1, 1993, and defendant was ordered to reside in his mother's house. The presiding judge reiterated that he was the dissenter and that, in his view, "the defendant was dangerous and should not have custody."

At a February 4th hearing on plaintiff's motions for a stay pending appeal and for findings, the assistant judges found that the maternal and paternal families, who lived in Rochester, were willing to provide additional support for the children; no family relatives lived in Stowe; male guests had stayed overnight at plaintiff's apartment; plaintiff had left the children with a babysitter "of questionable age"; plaintiff had not always made the children available for 7 p.m. phone calls with defendant; the guardians ad litem had been unable to reach plaintiff on numerous occasions; the guardians agreed that the children would be better off in Rochester; and the children's best interests would be served by placing them near the maternal and paternal families in Rochester. The assistant judges also found that defendant had abused plaintiff both physically and verbally while they lived together and that there was a risk of continued abuse.

The presiding judge then noted that he believed that defendant's violent temper had led not only to abuse toward plaintiff but also to inappropriate corporal punishment of the children. The presiding judge reiterated his conclusion that awarding custody to defendant jeopardized the children's safety. Plaintiff's motion for a stay was denied.

On appeal, plaintiff argues that (1) when the family court exercises its jurisdiction in an abuse-prevention matter, it cannot award custody to a defendant found to be abusive; (2) the abuse-prevention statute does not permit a custody award absent a finding of abuse or potential abuse toward the children; (3) assuming it was proper for the court to consider the children's best interests without a finding of abuse, the court failed to consider all of the statutory factors related to the children's best interests; (4) the assistant judges are without authority to make a custody determination; and (5) reversal is required

4

because one of the guardians ad litem failed to disclose potential prejudice toward plaintiff's counsel. We reverse based on our conclusion that the family court exceeded its authority under the relief-from-abuse statute by making a custody determination in the absence of a finding that the children had been abused or were in danger of being abused.

Vermont's Abuse Prevention Statute, 15 V.S.A. §§ 1101–1109, is designed to provide immediate relief to victims of domestic violence. The statute focuses on fast, temporary relief to family members in immediate danger, rather than on resolution of the parties' claims regarding custody, support or marital property. This goal is accomplished in part by providing inexpensive and uncomplicated proceedings that allow an abused family member to obtain immediate relief without the need for counsel, advance pleadings, or a full-blown evidentiary hearing.

The statute's references to custody are consistent with the overall purpose of the statute. Family members may seek relief from abuse for themselves or their children. 15 V.S.A. § 1103. A family member may request temporary custody of minor children. *Id.* § 1103(a)(3). Relief may be granted for up to a year and extended as long as it is necessary to protect the plaintiff or the children from abuse. *Id.* § 1103(b). If the court awards custody, it may allow visitation to the noncustodial parent under conditions that will prevent further abuse. *Id.* § 1103(d). In determining whether visitation is appropriate between the defendant and a minor child, the court must consider the best interests of the child and conditions that will minimize the likelihood of further abuse. V.R.F.P. 9(f)(3). The court may award temporary custody of the minor children "to the plaintiff or to other persons" in an ex parte emergency order upon a finding that the minor children are in immediate danger of physical or emotional harm. 15 V.S.A. § 1104(a)(3). The defendant must have an opportunity to contest an emergency order at a hearing to be scheduled within ten days of the order. *Id.* § 1104(b).

■ Taken together, these provisions leave little doubt that the Legislature intended to authorize the courts to award custody in the context of a relief-from-abuse hearing only upon a showing that the children had been abused or were in danger of being abused. The fact that the family court has unlimited authority to award custody in other types of proceedings does not suggest otherwise. See *Buxton v. Buxton*, 148 Vt. 22, 24, 527 A.2d 660, 662 (1987) ("there is no necessary relationship between the abuse prevention provisions of

chapter 21 and the statutes and rules governing divorce proceedings"); cf. *In re M.C.P.*, 153 Vt. 275, 302, 571 A.2d 627, 642 (1989) (unless statutory authority exists for a particular procedure, district court acting as juvenile court does not have power to employ procedure); *In re T.L.S.*, 139 Vt. 197, 199, 425 A.2d 96, 97 (1980) (psychiatric examination should have been excluded because there was no statutory authorization for district court acting as juvenile court to order such an examination).

As noted, the abuse prevention statute is aimed at providing immediate relief for abuse victims, not at determining the parties' rights with respect to custody, support or property. The expedited nature of the hearings and the limited procedural safeguards provided by the statute are ill-suited for custody determinations not involving abuse of the children. Temporary custody decisions based on limited evidence are more susceptible to later reversal, which would adversely affect the children's interest in the stability and continuity of their relationships and surroundings. Accordingly, custody determinations are better resolved in proceedings concerning divorce, legal separation, parentage, or desertion and support. See 15 V.S.A. § 665 (divorce or legal separation); 15 V.S.A. § 306 (parentage); 15 V.S.A. § 293 (desertion and support); see also 15 V.S.A. § 594 (court may appoint attorney to represent interest of children and may examine child in chambers); V.R.C.P. 80(h) (except under extraordinary circumstances, divorce action involving custody of minor children shall not be heard for at least six months from date of service).

Nonabusive family members should not have to risk losing custody of their children to seek relief under the statute. The proceedings are not designed to provide an opportunity to explore fully the issues surrounding custody. Allowing custody awards in an abuse-prevention proceeding absent a showing of abuse or potential abuse toward the children might deter abused family members from seeking relief under the statute.

 Plaintiff urges us to construe the abuse prevention statute to foreclose the family court from ever awarding custody in an abuse-prevention proceeding to a defendant found to have been abusive to any other family member. In support of this proposition, plaintiff points to a recent congressional resolution stating that "for purposes of determining child custody, credible evidence of physical abuse of a spouse should create a statutory presumption that it is detrimental to the child to be placed in the custody of the abusive spouse." H.R. Con.

Res. 172, 101st Cong., 2d Sess. § 1 (1990). We agree that abuse toward a spouse may serve as a basis for a finding of abuse to the children, thereby permitting a custody award within the context of an abuse-prevention proceeding. We are reluctant, however, to construe the abuse prevention statute to preclude the court, under any circumstances, from awarding custody to a defendant found to be abusive toward another family member. Such a construction might create a tactical advantage to the person filing the abuse complaint when both parties have abused each other. Cf. Bessenyey, *Visitation in the Domestic Violence Context; Problems and Recommendations,* 14 Vt. L. Rev. 57, 70 (1989) (noting case where court issued ex parte order awarding custody of seven-month-old nursing infant to previously abusive father based on finding that mother had struck father during fight). Although it will rarely be proper for a court to award custody to a defendant found to be abusive, we decline to rule out such a possibility, given unusual circumstances.

In this case, the court exceeded its authority in awarding custody to defendant. There was no evidence that plaintiff had abused or was likely to abuse the children. The finding that plaintiff had left the children with a babysitter "of questionable age" on certain evenings does not constitute a finding of abuse.

In light of this determination and the fact that plaintiff asks only that we strike the custody order, we need not address plaintiff's remaining arguments.

*The custody component of the family court's January 22, 1993 entry order is vacated. The relief-from-abuse order remains in effect in every other respect.*