*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-451

JULY TERM, 2013

| | | |
|---|---|---|
| Laurie A. Cenate | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Randy Martelle | } | DOCKET NO. 573-10-12 Rdfa |

Trial Judge: Nancy S. Corsones

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the trial court's issuance of a relief-from-abuse (RFA) order. He argues that he was denied a fair hearing and that plaintiff failed to meet her burden of proof. We affirm.

Plaintiff and defendant are siblings who each run an auction business. Plaintiff rented space from defendant for a period of time, ending in mid-August 2012. A dispute arose when plaintiff tried to retrieve her belongings following the termination of the rental arrangement. In October 2012, plaintiff filed a relief-from-abuse complaint. The court granted plaintiff's emergency request for ex parte temporary relief, and held a hearing on the complaint in late October. Both parties appeared pro se. Plaintiff testified that on October 20, 2012, defendant threatened to kill her, burn down her house, and smash her belongings. Plaintiff stated that defendant made this threat to their father, who conveyed it to plaintiff. The court admitted this statement as an excited utterance, an exception to the hearsay rule. See V.R.E. 803(2). Plaintiff explained that on the evening after this threat, someone drove to her new place of business and smashed the window of her truck. Plaintiff also described how defendant had locked her out of the space that she had been renting from him. Plaintiff was not able to retrieve her belongings for several days, and when she gained access to the building, she found that many items were missing. Plaintiff also testified that defendant had pulled into her driveway, laughed at her, and given her a lewd gesture on numerous occasions. Finally, plaintiff indicated that defendant had published a notice in the newspaper that she considered libelous.

Before defendant testified, the court warned him of his right to remain silent given the possibility that criminal charges might be filed against him for the damage done to plaintiff's truck. Defendant decided to testify. He denied telling his father that he was going to kill plaintiff. He testified that plaintiff's boyfriend had threatened to kill him. Defendant also denied smashing plaintiff's belongings, and he denied cutting the cords off of her belongings. Defendant indicated that his girlfriend had been with him the night the truck window was smashed, and they had not gone near plaintiff's property. Defendant also introduced a letter that plaintiff had posted on her Facebook page concerning him.

When the court asked defendant if he had anything else to offer in his defense, he replied that he had "a lot to offer." The court informed defendant that time was limited. **TR 33.** Defendant then began to testify that plaintiff had done things to harass him. At that point, the court indicated its belief that the parties' father was the key witness, and that it wanted to hear from him. **TR 35-36.** The court stated that father could be subpoenaed and that it would take approximately fifteen minutes to hear his testimony. The parties agreed to hear his testimony on October 31, and the court extended the temporary RFA order until that date.

Both parties had counsel by the time of the continued hearing. On the date of the hearing, defendant's attorney requested a continuance. The attorney indicated that he had been retained on October 29, and that he needed more time to effectively prepare a defense. He stated that he was awaiting receipt of requested police reports and witness affidavits, and he stated that he might need to subpoena multiple law enforcement officers to testify at the hearing. Plaintiff's attorney opposed the motion. Her attorney explained that the parties had already conducted a large part of their hearing, and the matter had been continued only to accommodate testimony and evidence from the father, and not to accommodate any request to obtain further evidence. For this and other reasons, plaintiff asked the court to deny the motion to continue.

The court denied the motion to continue. It explained on the record that the parties had been informed that the court would hear from one more witness and that the hearing would last approximately fifteen minutes. The court had limited the hearing to that issue and it would not be hearing from anyone else. The court noted that it had taken a fair amount of testimony at the prior hearing and determined that the issue came down to the alleged threat that defendant made to the parties' father. At the continued hearing, the parties' father testified that he did not want to get between his children. He stated that he did not hear defendant threaten to kill plaintiff.

The court made findings on the record at the close of the hearing. The court found it evident that the parties had a bitter ongoing family dispute. **TR 16.** The court did not find father's testimony compelling as both parties conceded that he was elderly and that he did not want to be involved. The court instead found plaintiff credible, and it found the fact of the smashed truck window to be compelling evidence as well. It had to be more than a freak coincidence, the court reasoned, that the truck window was smashed in the midst of the parties' business dispute. The court concluded that defendant either directly or indirectly engaged in behavior that placed plaintiff in fear of imminent serious physical harm, and it issued a final RFA order for a ninety-day period. In its written order, the court found that defendant abused plaintiff by placing her in fear of imminent serious physical harm, and that there was a danger of further abuse. Defendant appealed.

Defendant argues that the court denied him a full and fair opportunity to present his case. He states that he was not on the stand as long as plaintiff, and that the court ended the hearing even though his girlfriend was present to testify regarding his whereabouts on the evening that the truck window was smashed. According to defendant, a careful reading of the hearing transcript indicates that the court instructed defendant how to subpoena his witnesses and that the court did not rule out additional witnesses at the continued hearing. Defendant also maintains that he should have been allowed to cross-examine plaintiff or provide witnesses who could call her testimony into question. He argues that scheduling limitations cannot form the basis for denying a party the right to be heard and to present evidence.

We find defendant's arguments without merit. The trial court is authorized to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence

2

so as to (1) make the interrogation and presentation orderly and effective for the ascertainment of truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." V.R.E. 611(a). "[T]he power granted by Rule 611(a) includes the authority to set reasonable limits on the consumption of time in examining witnesses." Varnum v. Varnum, 155 Vt. 376, 390 (1990). We have recognized that the pace set by a party or his or her attorney may be "unsuited to times when court calendars are crowded and the costs of litigation to the parties and to the taxpayer are unreasonably high." Id. (quotation omitted). We have also stressed, however, "that limits must be reasonable and sufficiently flexible to ensure that important evidence is not excluded due to artificial time constraints." Id. We are also mindful, as was the trial court, that the abuse-prevention statute "is designed to provide immediate relief to victims of domestic violence." Rapp v. Dimino, 162 Vt. 1, 4 (1993). "This goal is accomplished in part by providing inexpensive and uncomplicated proceedings . . . without the need for counsel, advance pleadings, or a full-blown evidentiary hearing." Id.

The record shows that defendant had a fair opportunity to present his case and he was provided a fair hearing. Much of the material offered by the parties was irrelevant and extraneous and the court acted within its discretion in attempting to narrow the issues. The court identified the crux of plaintiff's complaint as the threat that defendant allegedly made to kill her. On this and the other key issue discussed below, defendant had the opportunity to, and did, call plaintiff's testimony into question. Defendant denied making the threat, and the parties' father denied hearing such a threat, but the court did not find either party's testimony credible. Instead, it credited plaintiff's testimony that father said that defendant threatened her, and it acted within its discretion in doing so. As we have often repeated, it is the province of the trial court, as the trier of fact, "to determine the credibility of the witnesses and weigh the persuasiveness of the evidence." Cabot v. Cabot, 166 Vt. 485, 497 (1997).

While defendant similarly denied having smashed the truck window, the court found the timing of the incident too coincidental to have been caused by anyone else. The court did not reversibly err by declining to hear from defendant's girlfriend, who was with defendant on the evening that the window was smashed and whose testimony defendant effectively summarized for the court. In any event, even if the girlfriend had been with defendant that evening, the court did not necessarily find that it was defendant himself who smashed the window that evening; the court found that defendant directly or indirectly committed this act. Defendant was given the opportunity to present his case, and there is no indication that defendant had any witnesses besides his girlfriend present to testify at the initial hearing. It is clear from the record, moreover, that the hearing was continued only to allow the parties' father to testify. Defendant identifies no record support for his assertion that the trial court suggested otherwise. See In re S.B.L., 150 Vt. 294, 297 (1988) (appellant bears burden of demonstrating how the trial court erred warranting reversal, and Supreme Court will not comb the record searching for error); see also V.R.A.P. 28(a)(4) (appellant's brief should explain what the issues are, how they were preserved, and what appellant's contentions are on appeal, with citations to the authorities, statutes, and parts of the record relied on). The court did not err in acting consistently with this directive and limiting the continued hearing to the testimony of the parties' father.

Defendant's two remaining arguments appear to raise the same issue, namely, that the court erred in finding that plaintiff met her burden of proof and that the court erred in granting plaintiff's request for relief. Defendant sets forth his own evaluation of the "totality of the evidence" in support of this argument.

To be entitled to relief, plaintiff needed to prove by a preponderance of the evidence that she was abused by defendant and that there was danger of further abuse. 15 V.S.A. § 1103(b). "Abuse" is defined, in relevant part, as "[p]lacing another in fear of imminent physical harm." Id. § 1101(1)(B). We review the trial court's factual findings "in the light most favorable to the prevailing party below, disregarding the effect of any modifying evidence, and we will not set aside the findings unless they are clearly erroneous." Coates v. Coates, 171 Vt. 519, 520 (2000) (mem.) (quotation omitted). Accordingly, "[we] will uphold factual findings if supported by credible evidence, and the court's conclusions will stand if the factual findings support them." Id.

The court's findings are supported by the evidence here, and they support the court's conclusions. As set forth above, the court credited plaintiff's testimony that father told her that defendant had threatened to kill her, that father was incredible in his denial of saying so, and was incredible in denying that defendant made the threat. It also found that defendant had either directly or indirectly smashed her truck window. These findings are supported by the evidence, and reasonable inferences drawn from the evidence. The findings support the court's conclusion that defendant abused plaintiff by placing her in fear of imminent physical harm, and that there was a danger of further abuse. While defendant takes a different view of the evidence, he fails to show that the court's findings are clearly erroneous or that its conclusions are unsupported by the findings.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice