*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-024

SEPTEMBER TERM, 2015

| | | |
|---|---|---|
| Alexander Leveille | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Lamoille Unit, |
| v. | } | Family Division |
| | } | |
| Gyan Baird | } | DOCKET NO. 129-11-14 Lefa |
| | | |
| and | | |
| | } | |
| Gyan Baird | } | |
| | } | |
| v. | } | |
| | } | |
| Alexander Leveille | } | DOCKET NO. 130-11-14 Lefa |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Gyan Baird appeals from the trial court's dismissal of two cross-petitions for relief-from-abuse. We affirm.

Ms. Baird and Mr. Leveille are former romantic partners and cohabitants. On November 17, 2014, Mr. Leveille sought a relief-from-abuse order against Ms. Baird. He was granted temporary relief pending a final hearing, which included an order that Ms. Baird vacate the parties' residence immediately. The following day, Ms. Baird filed a relief-from-abuse complaint against Mr. Leveille. She too was granted temporary relief, and Mr. Leveille was ordered to stay 500 feet away from her. In its temporary order, the court recognized that Ms. Baird filed her action in response to the ex parte relief obtained by Mr. Leveille and the court indicated that both cases would be heard at the same time. The court noted that it could not undo a prior court order by issuing another conflicting ex parte order without the opportunity to take actual sworn testimony and other evidence.

Each party testified at the final hearing. Mr. Leveille testified that he met Ms. Baird in college and that they had lived together for approximately six years. They were engaged to be married, but Mr. Leveille broke off the engagement in June 2014. Mr. Leveille stated that Ms. Baird refused to move out of the house unless Mr. Leveille gave her a large sum of money. Mr. Leveille testified that on November 16, 2014, Ms. Baird grabbed him around the throat after he asked her to move some of her personal belongings. He stated that he felt there was a danger of

future abuse as there were no locks on the doors of the house, and Ms. Baird had previously tried to get into his gun cabinet and had also wielded a knife at him.

Ms. Baird similarly testified that the parties met in college in 2006. She stated that they began living together in 2010. Ms. Baird acknowledged that Mr. Leveille had asked her to move out during the summer of 2014. She stated that she wanted to move out but that she was not financially able to do so. She testified that Mr. Leveille grabbed her in October 2014 and slammed her down to the ground during a fight over a cable bill. She also stated that one day in early November 2014, Mr. Leveille was blocking her way when she tried to move around the house. Ms. Baird said that on November 16, 2014, Mr. Leveille was calling her names. They began arguing about Ms. Baird's belongings. According to Ms. Baird, at one point, Mr. Leveille blocked her way in the hall and body checked her into a wall. Ms. Baird said that Mr. Leveille then put his hands around his own throat and choked himself so that he could blame Ms. Baird for doing so.

At the time of the final hearing, Ms. Baird had been living in a different location for a month. Her counsel asked if she had any concerns, even living apart from Mr. Leveille, for her personal safety. Ms. Baird stated that she was afraid that Mr. Leveille might try to break into her new residence Ms. Baird also expressed concern over Mr. Leveille's firearm collection. Ms. Baird indicated that most of her belongings were in the residence that the parties formerly shared. She asked the court to grant her sole possession of the home for eight weeks so that she could pack up her belongings.

Two additional witnesses also testified, each stating that Mr. Leveille had a reputation for truthfulness in the community. One of the witnesses testified that Ms. Baird had a reputation in the community for not being truthful.

At the hearing's close, the court dismissed both petitions and made findings on the record. The court explained that each plaintiff needed to prove not only that he or she had been abused but also that there was a danger of further abuse. As to Mr. Leveille's petition, the court found no evidence to support any danger of further abuse. Any such danger would require the parties to be in close proximity to one other. Even if the court were to find that the abuse described by Mr. Leveille did in fact occur, it occurred when the parties were cohabitating, which was no longer the case. The court thus dismissed his action and vacated the temporary order in his case.

As to Ms. Baird's petition, the court similarly found insufficient evidence of a danger of further abuse. While Ms. Baird expressed concern that Mr. Leveille might try to break into her current residence or that he might follow her around in a car, her testimony to this effect was based on events that occurred when the parties were either in college in 2006 or in 2008. The court found no recent events that would cause a reasonable person to fear a danger of further abuse. The court thus dismissed Ms. Baird's petition and vacated the temporary order in her case. The court recognized that the parties would need to address issues involving finances and their personal property but found that those issues were for another day. When the court had concluded its findings, Ms. Baird's attorney asked the court to consider that, since the temporary order had been vacated, Ms. Baird now had the right to return to the residence where Mr. Leveille lived. The court stated that while Ms. Baird might have that right, that issue would not

2

be adjudicated as part of the relief-from-abuse cases, and it reiterated that at the time of the final hearing, the parties were living in separate households. Ms. Baird appealed from both orders.

Ms. Baird argues that the court erred in dismissing her petition and in finding in Mr. Leveille's case that the parties were no longer cohabitating. According to Ms. Baird, the court should not have found that there was no danger of further abuse simply because the parties were not residing together at the time of the final hearing. She maintains that, because the court dismissed Mr. Leveille's case, she now has the right to return to the residence that is "nominally owned" by Mr. Leveille. Even if she was residing elsewhere, Ms. Baird maintains that the court should have been persuaded that the incidents she described as occurring in 2006 and 2008 would cause a reasonable person to fear future abuse.

As stated above, to justify the issuance of a relief-from-abuse order, the court must find that the defendant has abused the plaintiff and that there is a danger of further abuse. 15 V.S.A. § 1103(c)(1)(A). "In matters of personal relations, such as abuse prevention, the family court is in a unique position to assess the credibility of witnesses and weigh the strength of evidence at hearing. As such, we review the family court's decision to grant or deny a protective order only for an abuse of discretion, upholding its findings if supported by the evidence and its conclusions if supported by the findings." Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513 (citation omitted). We find no basis to disturb the court's decision here.

Based on the evidence in this case, the court did not abuse its discretion in finding that any abuse between the parties occurred when they cohabitated, and that because the parties no longer lived together, there was no danger of further abuse. It is undisputed that the parties were not living together at the time of the final hearing. Ms. Baird testified that she did not intend to resume living with Mr. Leveille. It is evident that Mr. Leveille no longer wanted to live with Ms. Baird. Given this evidence, the court reasonably concluded, under these circumstances, that neither party was in danger of further abuse.

Whatever right Ms. Baird may claim to resume living in the residence owned by Mr. Leveille - despite her testimony that she did not intend to live with Mr. Leveille - must be litigated in the context of a different case, and not as part of these relief-from-abuse proceedings. As we have explained, "the abuse prevention statute is aimed at providing immediate relief for abuse victims, not at determining the parties' rights with respect to custody, support or property." Rapp v. Dimino, 162 Vt. 1, 5 (1993) (explaining that goal of abuse-prevention statute is accomplished in part by providing inexpensive and uncomplicated proceedings without need for counsel, advance pleadings, or full-blown evidentiary hearing). Ms. Baird argues that the preemptive abuse prevention petition filed by Mr. Leveille, and the temporary order issued pursuant to that petition, left her evicted and without a remedy under the abuse prevention act to her detriment in regaining possession of the house in which the parties were living. We note that Ms. Baird was in no way prevented from also seeking relief by the issuance of a temporary relief order to Mr. Leveille as she plainly fell within the definition of "household member" regardless of the fact that she had left the home. See 15 V.S.A. § 1101(2). The court's decision does not subvert the purposes of the statute, as Ms. Baird asserts. The court simply recognized, based on the evidence, that these parties were no longer planning to live together and that therefore, there was no danger of future abuse. Finally, Ms. Baird's assertion concerning the alleged incidents in 2006 and/or 2008 goes to the court's assessment of the weight of the evidence, a matter reserved

3

exclusively for the trial court.  <u>Raynes</u>, 2008 VT 52, ¶ 9.  We find no basis to disturb the court's ruling in either relief-from-abuse case.

       <u>Affirmed</u>.

BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice