VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-218



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2023

| | |
|---|---|
| Amanda Lynch v. Teresa Wiggin* | APPEALED FROM: |
| | Superior Court, Windham Unit, |
| | Family Division |
| | CASE NO. 22-FA-01376 |
| | Trial Judge: Michael R. Kainen |

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the family division's final relief-from-abuse (RFA) order issued against her. We affirm.

In May 2022, plaintiff filed a complaint seeking an RFA order on behalf of herself and her son against defendant, the son's paternal grandmother. The court issued a temporary RFA order based on plaintiff's affidavit, and then held a final hearing in June 2022. Both parties attended and provided testimony. At the end of the hearing, the court issued some written findings but declined to determine whether plaintiff had satisfied the elements of the RFA statute, explaining that it was a close case. Instead, the court set an additional hearing for August 2022 to give the parties time to settle the matter on their own. It stated that if the parties had not resolved the case by then, the court would issue a final order after that second hearing. Defendant did not appear at the August 2022 hearing. She did not file a request to reschedule the hearing, to reopen evidence, or for similar relief. Afterward, the court issued a written final order finding that plaintiff had satisfied the elements of the RFA statute. The order imposed restrictions on defendant, including that she stay 300 feet away from plaintiff, plaintiff's residence, and plaintiff's son.[1]

On appeal, defendant challenges the sufficiency of the evidence and plaintiff's credibility. She asserts that no abuse or stalking ever took place and characterizes the evidence in her favor. Defendant also argues that the court erred by not letting her complete her defense

---

[1] The order expired by its own terms on February 3, 2023. "This, however, does not moot the appeal because of the collateral consequences associated with relief-from-abuse orders." Scheffler v. Harrington, 2020 VT 93, ¶ 9 n.2, 213 Vt. 364; see also Hinkson v. Stevens, 2020 VT 69, ¶ 21, 213 Vt. 32 ("[W]hen a defendant appeals a stalking order while still subject to the stalking order, the expiration of the stalking order will not automatically render the case moot.").

on the first hearing date in June 2022. Defendant does not claim that she lacked notice of the August 2022 hearing; she states that she had planned to attend but mixed up the date.

We are unable to evaluate defendant's arguments regarding the sufficiency of evidence because she chose to order a transcript for only one of the two evidentiary hearings. The party challenging a ruling has the obligation to provide all transcripts necessary to review her claims of error. In re S.B.L., 150 Vt. 294, 307 (1988). In this case, we cannot determine what evidence was taken or what findings the court may have made on the record at the August 2022 hearing, and we must assume that the court's determination that all elements of the RFA statute were satisfied was supported by sufficient evidence. See V.R.A.P. 10(b)(1) ("By failing to order a transcript, the appellant waives the right to raise any issue for which a transcript is necessary for informed appellate review."); In re S.B.L., 150 Vt. at 307 (explaining that appellant bears consequences of failing to order transcript and without transcript this Court assumes that evidence supports trial court's findings). Moreover, even if there were a complete record for our review, defendant's assertions that plaintiff's testimony was false, exaggerated, or unpersuasive would not provide a basis for reversal because on appeal this Court does not reweigh the evidence or make determinations of credibility de novo. Mullin v. Phelps, 162 Vt. 250, 261 (1994).

Finally, the record does not support defendant's contention that the court did not allow her to complete her defense at the first day of hearing in June 2022; nor does it reflect that she preserved this argument for appellate review by raising it at the trial court. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."); In re Entergy Nuclear Vt. Yankee, LLC, 2007 VT 103, ¶ 9, 182 Vt. 340 ("The purpose of the [preservation] rule is to ensure that the original forum is given an opportunity to rule on an issue prior to our review." (quotation omitted)). The court provided both parties with an opportunity to testify and present their version of the events in question. As is typical in trials, plaintiff presented her testimony first. The court then asked defendant if she disagreed with anything that plaintiff said. Defendant testified in response to that question and concluded by saying to the court, "[a]nd that's it." The court then gave plaintiff one final opportunity to respond to issues defendant had raised in her testimony—i.e., rebuttal testimony—before it proceeded to discuss the parties' evidence and how the case would proceed from there. At no point did defendant request additional time to testify or assert that she had any further evidence to present. Because defendant did not raise an objection to the trial court regarding the completion of her defense, she has failed to preserve it for our review, and we therefore do not consider it.

Even if defendant had preserved this argument, however, there are two further reasons that we would reject it. First, the order, manner, and time constraints imposed by the trial court here regarding presentation of evidence were within its discretion under Vermont Rule of Evidence 611 and were consistent with the remedial purpose of the RFA statute. See Varnum v. Varnum, 155 Vt. 376, 390 (1990) (explaining that Vermont Rule of Evidence 611 provides court with discretion to control mode and order of presenting evidence and "to set reasonable limits on the consumption of time" in providing testimony); Rapp v. Dimino, 162 Vt. 1, 4 (1993) (explaining that goal of RFA statute is "to provide immediate relief to victims of domestic violence," and "[t]his goal is accomplished in part by providing inexpensive and uncomplicated proceedings . . . without the need for counsel, advance pleadings, or a full-blown evidentiary hearing"). Second, the court did provide further opportunity for both parties to present evidence by scheduling a second hearing date, but defendant did not attend. As defendant concedes, this

2

missed opportunity was solely her fault.  Defendant has identified no error by the trial court or other basis for disturbing its final RFA order.

       <u>Affirmed</u>.

                          BY THE COURT:


_____

Paul L. Reiber, Chief Justice


_____

William D. Cohen, Associate Justice


_____

Nancy J. Waples, Associate Justice