VERMONT SUPREME COURT                                    Case No.      23-AP-130
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2023

Timothy Dasler\* v.  Jennifer Knapp          }     APPEALED FROM:
                                              }     Superior Court, Windsor Unit,
                                              }     Family Division
                                              }     CASE NO. 23-FA-00698
                                                    Trial Judge: Heather J. Gray

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the denial of his request for a relief-from-abuse (RFA) order against defendant, his former spouse.  We affirm.

Plaintiff and defendant were divorced in 2018.  They have one minor child, a daughter. In March 2023, plaintiff filed an RFA complaint against defendant.  He alleged that on March 13 of that year, he had arrived home and found a GPS tracking device in daughter's jacket.  He further alleged that the previous week, his romantic partner was dropping off daughter at the court-ordered location for custody exchanges when defendant and her aunt approached his partner's vehicle and blocked her from leaving until she provided her name and phone number. Plaintiff asserted that defendant had previously enabled a GPS tracker on daughter's watch in 2020.  Plaintiff disabled the tracker and during a subsequent custody exchange, defendant's father attempted to block him from leaving the parking lot, swung at his car and screamed his name.  Plaintiff stated that defendant's family had surveilled him in parking lots and followed him on the interstate.  He also contended that defendant made false allegations against him to obtain her own RFA order.  He made various other allegations about defendant's conduct during the parties' divorce.

The court denied plaintiff's request for emergency relief and plaintiff requested a hearing. Plaintiff then filed a motion to recuse the trial judge.  In support of his motion, he attached a judicial conduct complaint he filed against the trial judge in which he described allegedly prejudicial rulings she had made in the parties' ongoing custody proceeding.  The trial judge referred the matter to the chief superior judge, who issued a written decision denying plaintiff's motion. Plaintiff filed a motion to reconsider, which the chief superior judge denied.

At the final RFA hearing, plaintiff was represented by counsel and was the only witness who testified.  The court excluded the testimony of plaintiff's romantic partner, concluding that it was not probative of abuse against plaintiff.  After plaintiff's testimony concluded, the court denied the RFA complaint, concluding that plaintiff had failed to demonstrate conduct by

defendant that met the statutory definition of abuse. The court reasoned that although plaintiff had found tracking devices on daughter's belongings on two occasions, this was insufficient to demonstrate that defendant was stalking plaintiff. It also concluded that there was no evidence to show that defendant had directed her family members to follow or track plaintiff.

Plaintiff appealed. Defendant did not file a brief or otherwise participate in this appeal.

Plaintiff claims that the court was required to grant his RFA complaint because he presented sufficient evidence to support a finding that defendant had abused him by stalking him. "In matters of personal relations, such as abuse prevention, the family court is in a unique position to assess the credibility of witnesses and weigh the strength of evidence at hearing." Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513. Accordingly, we review the court's decision "only for an abuse of discretion, upholding its findings if supported by the evidence and its conclusions if supported by the findings." Id.

Stalking "means to engage purposefully in a course of conduct" directed at a specific person that the defendant knows would cause a reasonable person to fear for his or her safety or suffer substantial emotional distress. 12 V.S.A. § 5131(6); see 15 V.S.A. § 1101(1)(D) (defining "abuse" to include "stalking as defined in 12 V.S.A. § 5131(6)"). A course of conduct requires "two or more acts over a period of time, however short, in which a person follows, monitors, surveils, threatens, or makes threats about another person, or interferes with another person's property." 12 V.S.A. § 5131(1)(A). The definition applies "to acts conducted by the person directly or indirectly, and by any action, method, device, or means." Id.

Plaintiff had the burden of proving by a preponderance of the evidence that defendant had stalked him, 15 V.S.A. § 1103(b), and we agree with the trial court that he failed to meet this burden. Plaintiff testified that he found GPS tracking devices on daughter or her clothing on two separate occasions. This evidence alone did not create a reasonable inference that defendant was attempting to track or follow him, as opposed to daughter. Plaintiff argues that the court ignored his testimony about previous events in the parties' relationship that he claimed demonstrated that defendant's true intent in placing the devices was to monitor plaintiff. However, the court was not required to draw such an inference from plaintiff's testimony. See Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it was the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."). Plaintiff also asserts that defendant tried to stalk him indirectly through her family members. Assuming without deciding that actions by third parties could constitute indirect stalking under the statute, there was insufficient evidence to create a reasonable inference that defendant directed her relatives to follow, monitor, or threaten plaintiff. Because plaintiff failed to establish that defendant engaged in a course of conduct directed at him, the court properly denied his RFA complaint.

Plaintiff argues that the court erred in sustaining defendant's objection to his testimony about the contents of two police reports from 2013 and 2018. Even if this was error, plaintiff fails to demonstrate how the exclusion of these reports prejudiced him. See Lasek v. Vt. Vapor, Inc., 2014 VT 33, ¶ 24, 196 Vt. 243 (declining to reverse based on error that did not affect outcome of case); V.R.C.P. 61 (stating harmless error does not require reversal); V.R.F.P. 9(a)(1) (making civil rules applicable in RFA proceedings). Similarly, plaintiff has not demonstrated that the court committed reversible error in excluding the testimony of his romantic partner. As proffered by plaintiff, the partner's testimony would have been that defendant blocked her car and demanded her name, phone number, and address. Even if it had been admitted, the partner's

testimony about this incident would not have supported a finding that defendant was attempting to monitor or follow plaintiff. Accordingly, neither of these alleged errors warrants reversal.

Next, plaintiff appears to contend that defendant's conduct satisfied the definition of stalking under the federal criminal stalking statute, 18 U.S.C. § 2261, and therefore the trial court should have issued a protective order. Plaintiff's argument lacks merit because this is not a federal criminal proceeding. The family court is a court of limited jurisdiction and was only empowered to issue an order if plaintiff met his burden of demonstrating abuse as defined by the Vermont RFA statute. See Rapp v. Dimino, 162 Vt. 1, 4 (1993) (explaining that family court lacks authority to act outside of statute in RFA proceeding).

Finally, plaintiff argues that the trial judge should have been disqualified from hearing the case due to her rulings against him in the custody proceeding. We affirm the chief superior judge's order denying plaintiff's disqualification request for the same reasons set forth in Knapp (Dasler) v. Dasler, No. 23-AP-131 (Vt. Nov. 13, 2023) (unpub. mem.), issued concurrently with this decision. Contrary to plaintiff's argument, nothing in the trial judge's conduct of the RFA proceeding demonstrates impartiality or bias against him. Gallipo v. City of Rutland, 163 Vt. 83, 96 (1994) (explaining that adverse or erroneous rulings by themselves do not demonstrate bias).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Nancy J. Waples, Associate Justice