**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     24-AP-316

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2025

| | |
|---|---|
| William Donovan\* v. Sarah Teel | } APPEALED FROM: |
| | } Superior Court, Orange Unit, |
| | } Family Division |
| | } CASE NO. 24-FA-02197 |
| | Trial Judge: Kathryn A.C. Kennedy |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the denial of his request for a relief-from-abuse order (RFA).  We affirm.

Plaintiff filed a complaint against defendant, alleging that she had stalked him.  Plaintiff asserted, among other things, that he had been sexually assaulted in the past and he accused defendant of sexually assaulting him and failing to respect boundaries he set in the relationship.  Following a hearing, and at the conclusion of plaintiff's case, the court denied plaintiff's request for an RFA order.  It found on the record that plaintiff provided no evidence of "abuse" or "danger of further abuse" as required by statute.  See 15 V.S.A. §§ 1101(1), 1103.  Plaintiff moved for reconsideration and a new trial, arguing in part that he had not been able to fully present his case.  The court denied the motion.  It found that plaintiff had a full and fair opportunity to present his case during the final hearing.  The court explained that plaintiff presented oral and written evidence and testified on his own behalf for an hour.  After plaintiff's presentation, the court conferred with the assistant judges and concluded that there was no need to continue on the record with defendant's evidence because, after sixty minutes, plaintiff had not identified facts necessary to satisfy the abuse standard set forth in 15 V.S.A. § 1103.  The court found no grounds for a new hearing and no basis to reconsider its decision.  Plaintiff now appeals.

Plaintiff argues on appeal that he was denied a meaningful opportunity to present his case in violation of his due process rights.  He contends that he was only allowed to present documentary evidence.  He questions why the court did not make specific findings regarding his exhibits.  Plaintiff also suggests that the hearing process was unfair and confusing.  He raises numerous related arguments in this vein.

There was no error. The record indicates the following. At the outset of the hearing, the court explained the hearing process to the pro se parties. It did not limit the evidence to documentary evidence, as plaintiff asserts. The hearing lasted approximately one hour, almost all of which was devoted to plaintiff presenting his case. Plaintiff testified at the hearing and answered questions posed by the court. Plaintiff described his relationship with defendant and described in detail the circumstances that led to the filing of his complaint. He testified to being in a relationship with defendant, mutually ending the relationship, and then being "pulled . . . back into" the relationship by defendant. He complained that defendant contacted him and said he experienced pain in the relationship due to her behavior. Plaintiff discussed his documentary evidence with the court and his evidence was admitted at the hearing without objection. The court repeatedly prompted plaintiff to discuss whatever he wanted the court to know with respect to the RFA petition and asked him if there were particular aspects of his exhibits that he wanted the court to focus on in ruling on his RFA petition. Plaintiff had prepared a written narrative for each of his documents. The court explained that it was best for him to simply tell the court what he wanted to say about the documents rather than relying on a written document as defendant had not had an opportunity to read the narratives and she was entitled to the opportunity to hear and respond to plaintiff's allegations. The court allowed plaintiff to read one of the summaries he had prepared. The court explained to plaintiff the legal standard applicable to a RFA order. Plaintiff then testified in detail about the documents he had submitted. He stated that he expressed concerns to defendant about their relationship and she did not respond by asking what she could do differently.

Before proceeding with defendant's testimony and proposed exhibits, the court conferenced with the assistant judges to see if they needed any additional information to decide the case. The court and assistant judges reviewed the exhibits and agreed on the facts. The court made its ruling from the bench and concluded that plaintiff failed to show by a preponderance of the evidence that any abuse occurred. Having read the documents that plaintiff presented and considered his testimony, the court found that plaintiff sought to have defendant take accountability for the acts he alleged. He felt abused and sought further engagement with defendant in the process of understanding his past and the actions that they may have taken together. But the court found no evidence to show that defendant abused plaintiff or that there was any danger of further abuse as defined by statute. There was no evidence that defendant continued to try to contact plaintiff when he did not want to be contacted. The court expressed sympathy about plaintiff's past experiences and his journey in recovery but it concluded that the statutory requirements were not satisfied.

The record shows that the court provided plaintiff a full and fair opportunity to present his case. It appropriately exercised its authority under Vermont Rule of Evidence 611(a) to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence" to make the "presentation orderly and effective," "avoid needless consumption of time," and to "protect witnesses from harassment or undue embarrassment." It acted consistently with the statutory goal of abuse-prevention proceedings—"to provide immediate relief to victims of domestic violence"—which "is accomplished in part by providing inexpensive and uncomplicated proceedings . . . without the need for counsel, advance pleadings, or a full-blown evidentiary hearing." Rapp v. Dimino, 162 Vt. 1, 4 (1993). The court applied the appropriate legal standard in evaluating plaintiff's petition and it acted well within its discretion in concluding that he failed to meet his burden of proof. In reaching its conclusion, the court was not required to make specific findings regarding plaintiff's exhibits. We have considered all the

arguments in plaintiff's brief and find them all without merit.  There was no error and no "structural error" as the result of "cumulative errors," as plaintiff asserts.

      <u>Affirmed</u>.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice

3